**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 09 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10283 |
| Plaintiff-Appellee, | D.C. 2:14-cr-00384-APG-CWH-1 |
| v. | |
| GERALD LESLIE TATE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted June 16, 2016
San Francisco, California

Before:    SCHROEDER, TASHIMA, and OWENS, Circuit Judges.

Gerald Tate, who pleaded guilty to the offense of felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2), appeals the 120-month sentence imposed by the district court.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

      *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

In October 2014, Tate had a violent argument with his ex-girlfriend Tiffany McCollom. McCollom called 911 and told the operator that Tate had hit her on the head with a gun. She relayed the same to the police officers who responded to her 911 call. Tate was subsequently arrested and booked into state custody. While in custody, Tate made several recorded calls, seemingly to convince McCollom not to testify against him.

In December 2014, a grand jury charged Tate with being a felon in possession. Tate pleaded guilty without a written plea agreement. Prior to sentencing, the district court held an evidentiary hearing, during which the government proffered evidence supporting the application of two enhancements to Tate's sentence – one for possession of a weapon in connection with a felony, and the other for obstruction of justice. After applying the enhancements, the district court sentenced Tate to 120-months' imprisonment, which was the upper limit of the applicable guideline range. Tate appealed the sentence.

1. Tate argues for the first time on appeal that we are required to remand for resentencing under *Johnson v. United States*, 135 S. Ct. 2551 (2015), because Tate's previous second degree robbery conviction under California Penal Code § 211 does not qualify as a crime of violence under U.S.S.G. § 2K2.1. Although we would normally review an argument raised for the first time on appeal for plain

2

error, we review Tate's argument de novo because the issue "is purely one of law," and the government was not prejudiced by Tate's failure to raise it in the district court. Moreover, *Johnson* was not decided until after Tate was sentenced. *See United States v. Evans-Martinez*, 611 F.3d 635, 642 (9th Cir. 2010). On the merits, however, Tate's argument fails.

U.S.S.G. § 2K2.1(a)(4)(A) sets a base offense level of 20 for the offense of felon in possession of a firearm if "the defendant committed any part of the . . . offense subsequent to sustaining one felony conviction of . . . a *crime of violence*." U.S.S.G. § 2K2.1(a)(4)(A) (emphasis added). Section 2K2.1 does not define "crime of violence." Rather, one of § 2K2.1's application notes states that the phrase "has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2." U.S.S.G. § 2K2.1 app. n.1. Application Note 1 of § 4B1.2 states that robbery and extortion are both crimes of violence. U.S.S.G. § 4B1.2 app. n.1; *see also* U.S.S.G. § 4B1.2(a)(2).

In *United States v. Becerril-Lopez*, 541 F.3d 881 (9th Cir. 2008), this Court determined that California Penal Code § 211 was a "crime of violence" for purposes of U.S.S.G. § 2L1.2, which also specified that robbery and extortion were crimes of violence. *Id.* at 891–93. Applying the categorical approach, the Court reasoned that a defendant who commits robbery under § 211 necessarily commits

*either* generic robbery *or* generic extortion, and thus categorically commits a "crime of violence." *Id.* at 892. This holding is undisturbed by *Johnson*, which held that the residual clause defining "violent felony" in the Armed Career Criminal Act was void for vagueness. 135 S. Ct. at 2557–58.

*Becerril-Lopez* controls here: Tate, who committed robbery under § 211, necessarily committed either generic robbery or generic extortion, which are both listed as crimes of violence in §§ 4B1.2(a)(2) and 4B1.2's Application Note 1. U.S.S.G. § 4B1.2 app. n.1. Thus, Tate categorically committed a crime of violence, and the sentencing court properly assigned Tate a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(A).

**2.** Tate argues that his sentence was procedurally erroneous for three reasons. First, he contends that the sentencing court erred in applying the preponderance of the evidence standard, rather than the clear and convincing standard, to find that the enhancements for possession of a weapon in connection with a felony and obstruction of justice applied to Tate's sentence. Because Tate failed to raise this objection below, we review for plain error. *See United States v. Pineda-Doval*, 614 F.3d 1019, 1041 (9th Cir. 2010). We may remand for resentencing "if there is '(1) error, (2) that is plain, and (3) that affects substantial rights.'" *Id.* (quoting *United States v. Jordan*, 256 F.3d 922, 926 (9th Cir. 2001)).

4

If these three conditions are satisfied, we can "'exercise [our] discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (quoting *Jordan*, 256 F.3d at 926).

There was no plain error here because the district court ultimately decided that the government had shown the applicability of the enhancements by clear and convincing evidence. Thus, any error was harmless. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016).

**3.** Tate next contends that his sentence was procedurally erroneous because the district court's application of the enhancement for possession of a weapon in connection with a felony relied on clearly erroneous factual findings. Specifically, Tate contends that the government did not sufficiently prove that he committed domestic battery with a deadly weapon. The district court, however, permissibly reasoned that the most credible evidence before it, including McCollom's 911 call and her reports to the officers who responded, showed that Tate hit McCollom's head with a gun. The district court's factual findings are not clearly erroneous.

**4.** Finally, Tate argues that his sentence was procedurally erroneous because, in applying the obstruction of justice enhancement, the district court relied on obstructive conduct that occurred not with respect to the instant offense

5

(felon in possession of a firearm) but with respect to a different offense (domestic battery). According to Tate, the obstructive jail calls concerned the battery charge and predated the felon in possession investigation. This argument is unavailing.

Under U.S.S.G. § 3C1.1, the obstruction of justice enhancement applies if Tate "willfully obstructed or impeded . . . the administration of justice with respect to the investigation, prosecution, or sentencing of the *instant offense of conviction*." U.S.S.G. § 3C1.1 (emphasis added). We have said that "the Guidelines' use of the language 'the instant offense' suggests that there must be *some connection* between the obstruction and the federal offense for which [the] defendant is being sentenced." *United States v. Lato*, 934 F.2d 1080, 1083 (9th Cir. 1991) (emphasis added).

In this case, Tate's obstructive conduct during his jail calls is connected to the felon in possession charge to which Tate pleaded guilty. The battery offense *itself* involved the use of a firearm. That is, the felon in possession charge to which Tate pleaded guilty was not based on separate conduct independent of the battery. Tate also indicated in his calls from jail that he was aware that his gun was being investigated. Thus, the district court permissibly relied on Tate's jail calls to apply the obstruction of justice enhancement because Tate's obstructive conduct was related to the felon in possession of a firearm offense.

6

**5.** Tate contends that his sentence is substantively unreasonable because the district court gave insufficient weight to his mitigating evidence and excessive weight to his pending state sentence and criminal history. The district court did not abuse its discretion in sentencing Tate to 120-months' imprisonment, which was within the applicable guideline range.

In evaluating the substantive reasonableness of a sentence, we must "consider the totality of the circumstances, including the degree of variance for a sentence imposed outside the Guidelines range." *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). Contrary to Tate's argument, the district court did not give his criminal history impermissible weight or ignore the other relevant factors under 18 U.S.C. § 3553(a). *See United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009). Rather, the district court considered the relevant factors and found that the mitigating factors were outweighed by Tate's recidivism, the corresponding need for strong deterrence, and the danger he posed to the public. The district court did not abuse its discretion. *See id.* ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**