**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1057
_____

UNITED STATES OF AMERICA

v.

KAREEM SAMPSON,
a/k/a RYHEEM SAMPSON

Kareem Sampson,
                              Appellant


_____


On Appeal from the United States District Court for the
Eastern District of Pennsylvania
(D.C. No. 2-11-cr-00394-001)
District Judge:  Hon. Cynthia M. Rufe

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 3, 2017

Before:  CHAGARES, SCIRICA, and FISHER, Circuit Judges.

(Filed: April 10, 2017)
_____

OPINION*
_____


* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Circuit Judge.

Defendant Kareem Sampson appeals from the District Court's judgment of conviction and sentence. Sampson, however, waived the right to appeal as part of his guilty plea agreement. Because we find the appellate waiver to be valid and enforceable, we will dismiss Sampson's appeal and affirm his conviction and sentence.

I.

We write solely for the parties and assume their familiarity with the facts of the case. On July 19, 2011, a grand jury indicted Sampson on one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Sampson pleaded guilty to the crime at a hearing on July 11, 2014. The District Court accepted Sampson's plea but deferred acceptance of the underlying plea agreement. On June 29, 2015, Sampson moved to withdraw his guilty plea, arguing that he should have been allowed to preserve his right to appeal the District Court's denial of an earlier suppression motion. The District Court denied Sampson's motion to withdraw.

Because Sampson had four prior convictions for possession with intent to deliver either cocaine or crack cocaine, his probation officer concluded in the presentence report that Sampson was an armed career criminal as defined by 18 U.S.C. § 924(e) (the "Armed Career Criminal Act" or the "ACCA"). At sentencing, Sampson objected neither to the portions of the presentence report describing his prior convictions nor the conclusion that he was an armed career criminal. He also acknowledged that he was

2

agreeing to be sentenced accordingly. On January 6, 2016, the District Court accepted the plea agreement and, pursuant to it, sentenced Sampson to fifteen years of imprisonment and a five-year term of supervised release, among other monetary penalties. Sampson filed a timely appeal.

## II.[1]

Sampson argues on appeal that the statutes under which he was previously convicted were never identified at sentencing and, therefore, the record lacked sufficient evidence to sustain his designation as an armed career criminal. Before reaching the merits of Sampson's appeal, we must address the Government's contention that Sampson waived the right to appeal his sentence.

"[W]e will decline to exercise our jurisdiction to review the merits of an appeal where the defendant knowingly and voluntarily waived the right to appeal." United States v. Jackson, 523 F.3d 234, 242 (3d Cir. 2008) (citing United States v. Gwinnett, 483 F.3d 200, 203 (3d Cir. 2007)). Upon the Government's invocation of a waiver, we ask three questions to determine its enforceability: "(1) whether the [defendant's] waiver of the right to appeal [his] sentence was knowing and voluntary; (2) . . . what is the scope of the waiver and does it bar appellate review of the issue pressed by the defendant; and (3)

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We exercise plenary review over the question of the enforceability and applicability of an appellate waiver. See United States v. Goodson, 544 F.3d 529, 537 n.6 (3d Cir. 2008); United States v. Mabry, 536 F.3d 231, 236 (3d Cir. 2008).

whether enforcing the waiver would work a miscarriage of justice." United States v. Goodson, 544 F.3d 529, 536 (3d Cir. 2008) (quotation marks and citation omitted).

Sampson's waiver was knowing and voluntary. We can so conclude by inspecting the terms of the plea agreement and the words spoken at a plea colloquy. See Gwinnett, 483 F.3d at 203-04; United States v. Mabry, 536 F.3d 231, 238 (3d Cir. 2008) ("[W]e will examine the written plea agreement and the change-of-plea colloquy on their faces."). The record must demonstrate that "the district court inform[ed] the defendant of, and determine[d] that the defendant underst[ood] . . . the terms of any plea-agreement provision waiving the right to appeal." Mabry, 563 F.3d at 238-39 (alterations in original) (quotation marks omitted) (citing Fed. R. Crim. P. 11(b)(1)(N)).

Sampson's plea agreement provides in clear terms that he waived his "rights to appeal or collaterally attack [his] conviction [or] sentence," subject to limited enumerated exceptions. App. 111-12. At the plea hearing, Sampson acknowledged that he read and understood the plea agreement and, specifically, the provision waiving his appeal rights. He also stated that he understood that he was stipulating to being an armed career criminal under 18 U.S.C. § 924(e) and that he did not contest his prior convictions. Moreover, he agreed that he was pleading guilty to an offense carrying a mandatory sentence of at least fifteen years of imprisonment. In short, Sampson's exchange with the Court "amply demonstrates that the District Court took care to apprise [him] of the consequences of the waiver and ensure that he understood the terms of the plea agreement and entered into it willingly." Mabry, 563 F.3d at 239. The terms of the plea

agreement and the colloquy satisfy us that the waiver was made knowingly and

voluntarily.[2]

We also determine that the waiver encompasses Sampson's appeal. Sampson

contends otherwise, citing a provision in the plea agreement excepting from the waiver a

challenge to a sentence that exceeds the statutory maximum. Appendix ("App.") 112.

According to Sampson, it was not established at the hearing or otherwise that he qualified

for designation as an armed career criminal, 18 U.S.C. § 924(e)(1), and therefore his

fifteen-year sentence exceeded the ten-year statutory maximum for violation, by itself, of

being a felon in possession of a gun, id. § 922(g)(1); id. § 924(a)(2). We disagree for two

reasons.

First, the plain text of the plea agreement belies Sampson's argument that the

exception applies. Sampson reserved the right to appeal a sentence that, inter alia,

exceeds the statutory maximum "as set forth" in paragraph 8 of the agreement's terms.

---

[2] Sampson argues separately that his guilty plea itself was not knowing and intelligent, as is required for it to be valid, because he was not apprised of the specific state laws the violations of which formed the basis of his designation as an armed career criminal. He asserts this for the first time on appeal, and therefore must demonstrate plain error. See United States v. Russell, 564 F.3d 200, 203 (3d Cir. 2009).

Sampson provides no support for his contention that the District Court was required to advise him of the requirements for being an armed career criminal under § 924(e) — a sentencing enhancement provision, as opposed to a substantive criminal offense. See, e.g., United States v. Gibbs, 656 F.3d 180, 182 (3d Cir. 2011). Therefore, we find no error on the part of the Court, which went to lengths to ensure that Sampson understood that he was agreeing to the application of the ACCA and that he consequently faced a fifteen-year minimum sentence. See Jamison v. Klem, 544 F.3d 266, 277 (3d Cir. 2008) (stating that at a plea colloquy the defendant must be told about the possible direct consequences of his plea, including the mandatory minimum sentence he faces). The record demonstrates that Sampson's plea was knowing and voluntary, and his argument otherwise is without merit.

App. 112; see also App. 69 (the Government summarizing at the plea hearing that Sampson may on appeal "raise only a claim that the sentence imposed exceeds the statutory maximum for that count as set forth in the agreement" (emphasis added)). The statutory maximum set forth in paragraph 8, which outlines Sampson's agreement that he has three qualifying ACCA convictions, is life imprisonment. App. 110. On its face, the exception does not cover Sampson's present challenge concerning the evidentiary support for the sentencing enhancement which he agreed applied to him.[3] Cf. United States v. Corso, 549 F.3d 921, 927 (3d Cir. 2008) (explaining that plea agreements are "analyzed under contract law standards" and therefore "the language of an appellate waiver, like the language of a contract, matters greatly to our analysis" and must be "strictly construed" (quotation marks, citations, and alteration omitted)).

Second, there was sufficient evidence to establish that Sampson's prior convictions were qualifying predicate offenses. The relevant portion of the ACCA imposes a fifteen-year minimum sentence on anyone who "violates [18 U.S.C. §] 922(g) . . . and has three previous convictions by any court . . . for violent felony or serious drug offense, or both." 18 U.S.C. § 924(e)(1). A serious drug offense is defined as one "for which a maximum term of imprisonment of ten years or more is prescribed by law." Id. § 924(e)(2)(A)(ii). In determining that a defendant qualifies as an armed career criminal, "a court may . . . confirm [his] previous convictions by relying on the terms of the plea

---

[3] Moreover, to allow Sampson to argue that an exception in his agreement applied to terms to which he stipulated as part of that agreement "would be inequitable because it would allow [Sampson] to get the benefits of [his] plea bargain, while evading the costs." United States v. Bernard, 373 F.3d 339, 345 (3d Cir. 2004).

6

agreement, the charging document, the transcript of colloquy between judge and defendant, or other comparable judicial records of sufficient reliability." United States v. Howard, 599 F.3d 269, 272 (3d Cir. 2010) (citing Shepard v. United States, 544 U.S. 13, 16 (2005)).

The presentence report identifies the dates and case numbers of four prior state convictions and notes that the convictions were for possessing with intent to deliver cocaine. Absent objections to its findings, a court may consider the report as evidence when determining whether a defendant qualifies as an armed career criminal. United States v. Doe, 810 F.3d 132, 147 (3d Cir. 2015). The presentence report shows, and Sampson admits, that he has been at least thrice convicted in Pennsylvania for possessing cocaine. For each conviction, Sampson must have violated 35 Pa. Cons. Stat. § 780-113(a)(30), and been subject to a possible ten-year term of imprisonment pursuant to 35 Pa. Cons. Stat. § 780-113(f)(1.1).[4] Therefore, there is sufficient evidence demonstrating that Sampson is subject to the ACCA and that his sentence is well below the statutory maximum. No exception to his wavier applies.

Finally, enforcing the waiver does not "work a miscarriage of justice." United States v. Khattak, 273 F.3d 557, 563 (3d Cir. 2001). A number of factors guide this consideration. See id. (endorsing United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir.

---

[4] We have held that a conviction under Pennsylvania law "for possession with intent to distribute cocaine is a 'serious drug offense' and properly serve[s] as a predicate offense for the imposition of the fifteen-year minimum sentence under the ACCA." United States v. Abbott, 748 F.3d 154, 160 (3d Cir. 2014) (quoting 18 U.S.C. § 924(e)); see also United States v. Henderson, 841 F.3d 623, 629 n.5 (3d Cir. 2016) (affirming Abbott's continued viability after the Supreme Court's intervening decision regarding ACCA predicate offenses in Mathis v. United States, 136 S. Ct. 2243 (2016)).

2001)). Our analysis is "open-ended," but ultimately we will disregard an otherwise valid appellate waiver only "sparingly and without undue generosity." United States v. Wilson, 429 F.3d 455, 458 (3d Cir. 2005) (citing Teeter, 257 F.3d at 26).

The circumstances here do not warrant bypassing Sampson's waiver. Sampson's chief argument is that there lacked record support for his being designated an armed career criminal and consequently that his sentence is unlawfully excessive. In other words, he contends that his sentence is wrong. But by agreeing to waive his appellate rights Sampson agreed to forgo his "right to appeal difficult or debatable legal issues" and even "the right to appeal blatant error." Khattak, 273 F.3d at 562 (quoting United States v. Howie, 166 F.3d 1166, 1169 (11th Cir. 1999)); United States v. Jackson, 523 F.3d 234, 244 (3d Cir. 2008) (counseling that claims of an unreasonable sentence portend a miscarriage of justice only in "rare and unusual situation[s]"). Although we have intimated that a conviction based on insufficient evidence may warrant invalidating a waiver, it is only in the case where "the record is entirely devoid of evidence that [the defendant] committed each element" of the offense. United States v. Castro, 704 F.3d 125, 138 (3d Cir. 2013). Sampson does not dispute that he is guilty of violating § 922(g)(1). And, as discussed above, the argument that there is no evidence supporting the application of § 924(e) is unavailing. Therefore, the record was not "entirely devoid" of evidence supporting his plea and sentence.

Ultimately, even if it were the case that there was insufficient evidence to establish that Sampson's prior convictions were for "serious drug offenses" — which we do not hold — the District Court was entitled to impose the sentence to which Sampson

8

stipulated in his plea agreement. United States v. Bernard, 373 F.3d 339, 343-44 (3d Cir. 2004) ("[A] sentencing court has the authority to accept a plea agreement stipulating to a sentencing factor or a provision of the sentencing guidelines that otherwise would not apply, or specifying a sentence that falls outside the applicable guidelines range."). In his plea bargain and at his hearing, Sampson agreed that his prior convictions established that he was an armed career criminal and that he should be sentenced accordingly. He cannot now argue that the District Court erred in honoring that agreement. Holding Sampson to his promise not to appeal his sentence works no miscarriage of justice.

III.

Accordingly, faced with a valid and enforceable appellate waiver, we decline to address the merits of Sampson's appeal. The appeal will be dismissed, and we will affirm the District Court's judgment of conviction and sentence.