BY THE PANEL:
Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Felix M. Palacios has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255. Such authorization may be granted only if this Court certifies that the second or successive motion contains a claim involving:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder *1315 would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2255(h). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." Id. § 2244(b)(3)(C); see also Jordan v. Sec'y, Dep't of Corrs. , 485 F.3d 1351, 1357-58 (11th Cir. 2007) (explaining that this Court's determination that an applicant has made a prima facie showing that the statutory criteria have been met is simply a threshold determination).
In his application, Palacios raises one claim. He relies on a "new rule of constitutional law," as announced in Rehaif v. United States , 588 U.S. ----, 139 S. Ct. 2191, 204 L.Ed.2d 594 (2019), to challenge his conviction for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g). He argues that his conviction and sentence under § 922(g) should be vacated because the government did not prove-as he argues Rehaif requires-that he knew he possessed a firearm or that he knew he was a felon when he possessed the firearm. Additionally, Palacios asks this Court to hold his application in abeyance until the Supreme Court makes its holding in Rehaif retroactively applicable to cases on collateral review.
Here, Palacios's claim fails to meet the statutory criteria, and this Court should deny it. See 28 U.S.C. § 2255(h)(2). His claim relies solely on Rehaif , which did not announce a "new rule of constitutional law," but, instead, clarified that, in prosecuting an individual under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2) -which provides that anyone who "knowingly violates" § 922(g) can be imprisoned for up to 10 years-the government must prove that the defendant knew he violated each of the material elements of § 922(g). Rehaif , 139 S. Ct. at 2195-96 (emphasis added). Moreover, even if Rehaif had announced a new rule of constitutional law, as Palacios concedes in his application, it was not made retroactive to cases on collateral review by the Supreme Court. See Tyler v. Cain , 533 U.S. 656, 661-66, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001).
Accordingly, Felix M. Palacios has failed to make a prima facie showing of the existence of either of the grounds set forth in 28 U.S.C. § 2255, and his application for leave to file a second or successive motion is hereby DENIED.