**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1224
_____

IN RE:  KAREEM SAMPSON,

Petitioner
_____

On Petitioner's application pursuant to 28 U.S.C. §§ 2244
and 2255(h) to file a second or successive motion to
vacate sentence under 28 U.S.C. § 2255, related to
E.D. Pa. No. 2-11-cr-00394 before the Honorable
Cynthia M. Rufe, District Judge


Before:  JORDAN, KRAUSE and MATEY, *Circuit Judges*

(Opinion filed: March 25, 2020)
_____

OPINION OF THE COURT
_____

Kareem Sampson, Appellant Pro Se
P.O. Box 5000
Greenville, IL, 62246

PER CURIAM

Kareem Sampson has filed an application pursuant to 28 U.S.C. §§ 2244 and 2255(h) seeking permission to file a second or successive § 2255 motion to vacate, set aside, or correct his federal sentence. For the reasons below, we will deny the application.[1]

In 2014, Sampson pleaded guilty in the United States District Court for the Eastern District of Pennsylvania to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). His plea agreement included a waiver of his right to appeal and limited any collateral challenge to claims of ineffective assistance of counsel. The District Court denied his subsequent motion to withdraw his guilty plea and sentenced him to fifteen years in prison. On direct appeal, we concluded that Sampson knowingly and voluntarily waived his right to appeal his guilty plea and that enforcement of that waiver would not work a miscarriage of justice. *United States v. Sampson*, 684 F. App'x 177 (3d Cir. 2017). Sampson then filed a motion pursuant to 28 U.S.C. § 2255. In April 2019, the District Court denied the motion, concluding that his § 2255 claims were waived or meritless. Sampson asserts that he had not received the order denying his § 2255 motion when he filed a motion to amend his

---

[1] Although we are directed to rule on an application like Sampson's within thirty days of its filing, *see* 28 U.S.C. § 2244(b)(3)(D), the time limit is advisory and not mandatory. *See In re Hoffner*, 870 F.3d 301, 307 n.11 (3d Cir. 2017).

2

§ 2255 motion in September 2019. After learning that his § 2255 motion had been denied, Sampson filed this application.

Because Sampson's prior § 2255 motion was denied on the merits, he needs our permission to file a second or successive § 2255 motion. *See United States v. Roberson*, 194 F.3d 408, 411 (3d Cir. 1999). To obtain our certification, Sampson must show that his proposed § 2255 motion contains: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). An applicant must make a prima facie showing that these requirements are met. *See* 28 U.S.C. § 2244(b)(3)(C); *In re Hoffner*, 870 F.3d 301, 306-07 (3d Cir. 2017).

We understand Sampson to be invoking § 2255(h)(2), as he does not discuss any new evidence and seeks to bring a claim based on the Supreme Court's recent opinion in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Thus, Sampson must show that his proposed claim relies on a new rule of constitutional law, that this law has been made retroactive to cases on collateral review by the Supreme Court, and that the claim was not previously available. *See Tyler v. Cain*, 533 U.S. 656, 662 (2001).

3

In *Rehaif*, the defendant, like Sampson, was charged with violating 18 U.S.C. § 922(g). Both were prohibited from possessing guns, Rehaif as an alien unlawfully in the United States, *see* § 922(g)(5)(A), and Sampson as one who had been convicted of a crime punishable by more than one year in prison. *See* § 922(g)(1). The trial court in *Rehaif* had instructed the jury that the Government did not need to prove that Rehaif knew that he belonged to the relevant class of persons barred from possessing firearms, i.e., that he was an alien unlawfully in the United States. *Id.* at 2194. The Supreme Court held, however, that the Government must prove that a defendant charged with violating § 922(g) knew both that he possessed a firearm and that he belonged to the relevant class of persons barred from possessing a firearm. *Id.* at 2200.

Sampson's claim fails to meet the standard for certification of a second or successive § 2255 motion. First and foremost, *Rehaif* did not state a rule of constitutional law at all. Rather, it addressed what the *statutes* enacted by Congress require for a conviction under 18 U.S.C. §§ 922(g) and 924(a)(2). Specifically, *Rehaif* addressed what it means for someone to have "knowingly" violated § 922(g).[2] *Id.* at

---

[2] We note that Sampson's application suggests he may misapprehend *Rehaif*'s rule. At times, anyway, he argues that he did not know that he possessed a firearm because it was found under the seat in his girlfriend's car, which he was driving. As noted above, the Court in *Rehaif* was concerned about whether the defendant knew that he belonged to the relevant class of persons barred from firearm possession. At the time of Sampson's guilty plea, the Government was

4

2195-96.  At all events, it did not set forth a new rule of *constitutional* law as contemplated by § 2255(h).  *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (per curiam) (concluding that *Rehaif* construed the text of § 922(g) to mean that "the government must prove that the defendant knew he violated each of the material elements of § 922(g).").  Indeed, the Supreme Court mentioned the Constitution only once in the opinion announcing its decision and that mention came when the Court was explaining why the word "knowingly" in the statute did not modify the statute's jurisdictional element.  *Rehaif*, 139 S. Ct. at 2196.  Sampson asserts that the Supreme Court in *Rehaif* overturned a long-established interpretation of an important criminal statute. That may be, *see id.* at 2201 (Alito, J. dissenting), but that does not transform its decision into a rule of constitutional law.[3]

---

already required to prove beyond a reasonable doubt that Sampson knowingly possessed a firearm.  Sampson was informed of this requirement during his plea colloquy and agreed that he was guilty of knowingly possessing a firearm as a felon.

[3] As another court of appeals recently wrote, *see Palacios*, 931 F.3d at 1315, even if *Rehaif* had set forth a new rule of constitutional law, it would need to be made retroactive to cases on collateral review by the Supreme Court.  *See Tyler*, 533 U.S. at 663; *see also Hoffner*, 870 F.3d at 307 ("The Supreme Court itself must issue the retroactivity decision, either expressly or through a series of decisions."). But, as we have indicated, the Supreme Court did not

Because Sampson has not made the required prima facie showing that his claim rests on a new, retroactively applicable rule of constitutional law, we will deny his application to file a second or successive motion to vacate his sentence.

announce any rule of constitutional law at all.