**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GERALD LESLIE TATE,

*Applicant*,

v.

UNITED STATES OF AMERICA,

*Respondent.*

No. 20-70785

OPINION

Application to File Second or Successive Motion
Under 28 U.S.C. § 2255

Submitted November 19, 2020[*]
San Francisco, California

Filed December 14, 2020

Before:  Jacqueline H. Nguyen, Andrew D. Hurwitz, and
Daniel A. Bress, Circuit Judges.

Per Curiam Opinion

---

   [*] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

**SUMMARY**[**]

**28 U.S.C. § 2255**

The panel denied Gerald Leslie Tate's request for authorization to file a second or successive motion under 28 U.S.C. § 2255 to vacate his 2015 conviction and sentence for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Tate sought relief based on the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which held that a conviction under 18 U.S.C. § 922(g), which prohibits firearm possession for certain categories of individuals, and § 924(a)(2), which imposes penalties on those who "knowingly violate" § 922(g), requires proof that the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm."

The panel denied certification because Tate has not made a prima facie showing that *Rehaif* announced a new constitutional rule, as required by 28 U.S.C. § 2244(b)(2)(A), (b)(3)(C). The panel explained that in announcing the scope of "knowingly" in § 924(a)(2), *Rehaif* announced a statutory, rather than a constitutional, rule.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Rene L. Valladares, Federal Public Defender; Amy B. Cleary, Assistant Federal Public Defender; Benjamin F. J. Nemec, Attorney; Las Vegas, Nevada; for Applicant.

Nicholas A. Trutanich, United States Attorney; Elizabeth O. White, Appellate Chief; United States Attorney's Office, Reno, Nevada; for Respondent.

**OPINION**

PER CURIAM:

Gerald Leslie Tate requests authorization to file a second or successive motion to vacate his conviction and sentence under 28 U.S.C. § 2255 based on the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). We deny his application.

**I.**

On February 4, 2015, Tate pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We affirmed the conviction, *United States v. Tate*, 659 F. App'x 386 (9th Cir. 2016), and the Supreme Court denied certiorari, *United States v. Tate*, 137 S. Ct. 1333 (2017). Tate then filed a § 2255 motion, which the district court denied.

Several months after the district court denied Tate's motion, the Supreme Court held that a conviction under 18 U.S.C. § 922(g), which prohibits firearm possession for certain categories of individuals, and § 924(a)(2), which imposes penalties on those who "knowingly violate"

§ 922(g), requires proof that the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200. Tate then filed a second § 2255 motion, arguing that his indictment, plea, and conviction were constitutionally defective under *Rehaif*. The district court stayed the motion, and Tate filed the instant application for authorization to file a second § 2255 motion.

## II.

Before the district court can entertain a second or successive § 2255 motion, the appropriate court of appeals must certify the motion as provided in 28 U.S.C. § 2244. *See* 28 U.S.C. § 2255(h). We may certify a second or successive motion in two circumstances. *See id.* § 2244(b)(2). As relevant here, certification is proper if the applicant makes a prima facie showing "that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* § 2244(b)(2)(A), (b)(3)(C).

## III.

Tate has not made a prima facie showing that *Rehaif* announced a new constitutional rule.

In *Rehaif*, the Supreme Court interpreted the scope of the word "knowingly" in 18 U.S.C. § 924(a)(2). 139 S. Ct. 2191. Under 18 U.S.C. § 922(g), it is unlawful for certain categories of individuals to possess firearms. Pursuant to § 924(a)(2), those who "knowingly" violate § 922(g) are subject to fines or imprisonment for ten years. The question the Court addressed in *Rehaif* was whether the term "knowingly" required not only proof that a criminal defendant knew he possessed a firearm, but also proof the

defendant knew he fell into a category of individuals prohibited from possessing firearms. 139 S. Ct. at 2194.

In interpreting statutes, we strive to "give effect to the intent of Congress." *United States v. Am. Trucking Ass'ns*, 310 U.S. 534, 542 (1940). In *Rehaif*, the Supreme Court did just that when interpreting § 924(a)(2), framing its inquiry as "a question of congressional intent," 139 S. Ct. at 2195, and looking to the presumption in favor of scienter, the statutory text, and basic principles underlying criminal law to interpret "knowingly." *Id.* at 2195–97. Therefore, in announcing the scope of "knowingly" in § 924(a)(2), *Rehaif* announced a statutory, rather than a constitutional, rule.[1]

Tate argues that *Rehaif* announced a new constitutional rule because its holding derives from the Constitution's overarching principles of fundamental fairness and due process. But *Rehaif* interpreted a statute and did not invoke any constitutional provision or principle. Nor is *Rehaif* a constitutional rule under *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), as Tate contends. *Montgomery* held that *Miller v. Alabama*, 567 U.S. 460 (2012), which prohibited mandatory life sentences without parole for juveniles, was retroactive on collateral review because it announced a substantive rule of constitutional law. 136 S. Ct. at 736. Assuming without deciding that *Rehaif* also announces a rule that is substantive in nature, *Rehaif* still does not announce "a new rule of constitutional law" for purposes of filing a second or successive § 2255 motion.

---

[1] Our sister circuits have likewise held that *Rehaif* did not announce a constitutional rule and have therefore disallowed second or successive § 2255 motions premised on *Rehaif*. *See Mata v. United States*, 969 F.3d 91, 93 (2d Cir. 2020); *In re Sampson*, 954 F.3d 159, 161 (3d Cir. 2020); *Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020); *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019).

28 U.S.C. §§ 2244(b)(2)(A), (b)(3)(C). *Miller*'s rule was constitutional not because it was substantive, but because it was grounded in the Eighth Amendment's prohibition on cruel and unusual punishment. 136 S. Ct. at 732–33. *Rehaif*, unlike *Miller*, was based on the Supreme Court's interpretation of a statute.

**DENIED.**