[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-15046
Non-Argument Calendar
_____

D.C. Docket No. 9:10-cr-80080-KAM-1


UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

versus

CHRISTOPHER JOHNSON,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 14, 2021)

Before WILSON, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Christopher Johnson, *pro se*, appeals the district court's denial of his post-judgment motion to appoint counsel to assist him in filing a 28 U.S.C. § 2255 motion to vacate.   After careful review, we affirm.

## I.      FACTUAL AND PROCEDURAL HISTORY

A grand jury indicted Johnson on one count of possessing a gun after a prior felony conviction and one count of possessing ammunition after a prior felony conviction, both in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  Johnson entered into a plea agreement in which he pled guilty to possessing a firearm after a felony conviction.  In exchange, prosecutors agreed to dismiss the ammunition possession charge.  On November 19, 2010, after accepting the plea, the district court sentenced Johnson to 192-months' imprisonment and a four-year term of supervised release.

On June 23, 2014, Johnson filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  In his motion, he argued that his sentence was a miscarriage of justice and violated his due process rights under the Fifth Amendment based on the United States Supreme Court's decision in *Descamps v. United States*, 570 U.S. 254 (2013).  On April 29, 2015, the district court denied the § 2255 motion as untimely. Johnson moved, under Federal Rules of Civil Procedure 60(b), to reopen the district court's consideration of the motion due to inadvertence or excusable neglect.  The district court denied that motion, finding that Johnson could have raised an equitable tolling argument in his original § 2255 motion.  In April 2016, Johnson filed a

2

Federal Rule of Civil Procedure 59(e) motion to either amend the district court's Rule 60(b) decision or alternatively issue a certificate of appealability. The district court denied that motion, finding it untimely and explaining that it would have denied Johnson's § 2255 motion on the merits if the motion was timely. The district court also denied a certificate of appealability.

On November 25, 2019, Johnson filed the motion on appeal, which asked the district court to appoint him counsel to assist him with filing another § 2255 motion. Johnson argued that the grand jury indictment alleged that Johnson was a felon in possession of a firearm but did not allege that he knew of his status as a felon and that, under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), such an allegation is required because knowledge is an element of the offense. On November 27, 2019, the district court denied the motion. The district court noted that Johnson sought an attorney to assist with what would be a successive § 2255 motion. Because Johnson had not obtained permission from this Court to file a § 2255 successive motion, the district court found that it would not have jurisdiction to entertain such a motion. Further, the district court doubted that *Rehaif* could provide the requested relief given this Court's decision in *In re Palacios*, 931 F.3d 1314 (11th Cir. 2019). In *Palacios*, this Court held that *Rehaif* neither announced a new constitutional rule nor was made retroactive to cases on collateral review to allow for a successive petition

3

under 28 U.S.C. § 2255(h)(2).  *Id.* at 1315.  Thus, the district court found that there was no basis to appoint Johnson.  This timely appeal followed.

## II.    STANDARD OF REVIEW

Whether a party has the right to counsel is a legal question that we review *de novo*.  *United States v. Webb*, 565 F.3d 789, 793 (11th Cir. 2009).  If no such right exists, we review the district court's decision not to appoint counsel for an abuse of discretion.  *Id*.

## III.    ANALYSIS

On appeal, Johnson raises three issues—none of which address how the district court erred in denying his motion to appoint counsel.  Instead, he argues that: (1) our decision in *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc), violates the Suspension Clause; (2) he is entitled to pre-Antiterrorism and Effective Death Penalty Act ("AEDPA") authorization to file for relief under *Rehaif*; and (3) the AEDPA is unconstitutional. While we liberally construe the pleadings of *pro se* defendants such as Johnson, *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015), issues not briefed on appeal by a *pro se* litigant are deemed abandoned, *see Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

As an initial matter, Johnson has likely abandoned his challenge to the district court's denial of his motion to appoint counsel because he does not explain why the

4

district court erred in that respect in his brief. *See id.* We nonetheless will consider the issue on the merits. The right for an indigent party to have a court-appointed attorney emanates from three different sources. First, the Fifth Amendment's Due Process Clause may provide the right when "fundamental fairness" requires it. *Webb*, 565 F.3d at 794 (quoting *Gagnon v. Scarpelli,* 411 U.S. 778, 790 (1973)). Second, the Sixth Amendment provides the right at "critical stages of a criminal prosecution," including during a first appeal. *Id*. (quoting *Williams v. Turpin,* 87 F.3d 1204, 1209 (11th Cir.1996)). Third, a defendant has a statutory right to counsel under 18 U.S.C. § 3006A when: (1) the defendant is entitled to appointment of counsel under the Sixth Amendment to the Constitution; (2) the defendant "is under arrest, [and] such representation is required by law"; and (3) the district court determines that "the interests of justice so require" when a defendant seeks relief under 28 U.S.C. §§ 2241, 2254, or 2255. 18 U.S.C. § 3006A. The Rules Governing 2254 Cases and Section 2255 Proceedings, in turn, require counsel to be appointed for indigent parties if necessary for effective discovery or if an evidentiary hearing is warranted. Rules Governing Section 2254 Cases and Section 2255 Proceedings, Rules 6(a), 8(c).

Johnson has not shown that he has a right to counsel under any of these sources. With respect to the Fifth Amendment's Due Process Clause, Johnson has not shown that a lack of court-appointed counsel would result in a fundamentally

unfair proceeding, implicating his rights under the Due Process Clause.  As to the Sixth Amendment, it only applies to criminal proceedings, whereas a § 2255 motion is civil.  *Barbour v. Haley*, 471 F.3d 1222, 1231 (11th Cir. 2006).  While Johnson argues on appeal the merits of the claims he would raise if allowed to file a successive § 2255 motion, he has not demonstrated that the interests of justice require that an attorney litigate these claims on his behalf.  Furthermore, Johnson has not shown that an attorney is required to help with an evidentiary hearing or to provide effective discovery.  Accordingly, we conclude that Johnson is not entitled, as a matter of law, to appointed counsel.

When a party does not have a constitutional, statutory, or rule-based right to counsel, the district court may exercise its discretion as to whether to appoint counsel.  *See Webb*, 565 F.3d at 795; *see also* 28 U.S.C. § 2255(g) (allowing a court to appoint counsel for proceedings brought under that section).  We conclude that the district court did not abuse its discretion in denying Johnson counsel to assist with a § 2255 motion.

First, the district court acted within its discretion when it considered Johnson's inability to file another § 2255 motion because he has not obtained the requisite authorization for a successive motion from this Court.  28 U.S.C. § 2244(b)(3)(A).  Further, the district court expressed doubt as to Johnson's ability to obtain such an authorization.  To obtain permission for a successive petition, Johnson would have

to show, as relevant here, that his "claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id*. § 2244(b)(2)(A). If Johnson received the appointed counsel he sought, it would be to seek relief based on the Supreme Court's decision in *Rehaif*. The district court correctly noted that, in *In re Palacios*, we held that *Rehaif* did not create a constitutional rule retroactively applicable on collateral relief. 931 F.3d at 1315.

Johnson seems to argue that to the extent that a successive petition would not be authorized, the saving clause of § 2255(e) allows him to file a habeas petition pursuant to § 2241. However, our decision in *McCarthan* precludes that result. *See* 851 F.3d at 1090. Johnson has not demonstrated that the district court abused its discretion by not appointing counsel to help him relitigate the holding in *McCarthan*.

As to Johnson's contentions that he is entitled to pre-AEDPA relief and that AEDPA is unconstitutional, these arguments lack merit. The Supreme Court held in *Felker v. Turpin*, 518 U.S. 651, 664 (1996), that AEDPA does not violate the Suspension Clause of the Constitution, and Johnson provides no binding legal authority for the proposition that AEDPA should not apply in his case.

## IV.    CONCLUSION

Accordingly, we affirm the district court's denial of Johnson's motion to appoint counsel.

**AFFIRMED**.