[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11627
Non-Argument Calendar

_____

D.C. Docket No. 5:20-cv-00075-TJC-PRL

JOHNNY CURTIS BEDGOOD,

Petitioner - Appellant,

versus

WARDEN, FCC COLEMAN MEDIUM,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 11, 2021)

Before LAGOA, BRASHER and MARCUS, Circuit Judges.

PER CURIAM:

Johnny Bedgood, a federal prisoner proceeding pro se, appeals the dismissal

of his 28 U.S.C. § 2241 petition for failure to satisfy the saving clause of 28 U.S.C.

§ 2255(e).  In the petition, he argued that his conviction for possession of firearms

by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(e) should be vacated following the Supreme Court's decision in United States v. Rehaif, 139 S. Ct. 2191 (2019). On appeal, Bedgood argues that the district court erred in dismissing his § 2241 petition because he could not have brought his Rehaif claim in his § 2255 petition and it therefore qualified under the saving clause of § 2255(e). After careful review, we affirm.

We review de novo the district court's subject matter jurisdiction. United States v. Al-Arian, 514 F.3d 1184, 1189 (11th Cir. 2008). We review de novo the availability of habeas relief under § 2241. Dohrmann v. United States, 442 F.3d 1279, 1280 (11th Cir. 2006). The applicability of the saving clause of § 2255(e) is a threshold jurisdictional issue. Brown v. Warden, FCC Coleman-Low, 817 F.3d 1278, 1283 (11th Cir. 2016). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

A prisoner in federal custody may file a motion to vacate, set aside, or correct his sentence by asserting that it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). In order to file a second or successive § 2255 motion, a prisoner first must obtain authorization from

us and must allege either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h).  Without authorization from our Court, the district court lacks jurisdiction to consider a second or successive § 2255 motion.  Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).

Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255.  Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003).  However, challenges to the execution of a sentence, rather than its validity, are properly brought under § 2241.  Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008).  A petitioner who has filed a previous § 2255 motion may not circumvent the restriction on successive § 2255 motions simply by filing a petition under § 2241.  McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1092 (11th Cir. 2017) (en banc).

In order to seek relief under § 2241, the petitioner must satisfy the saving clause of § 2255(e) by establishing that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention.  28 U.S.C. § 2255(e); McCarthan, 851 F.3d at 1081.  "The petitioner bears the burden of establishing that the remedy by motion was inadequate or ineffective to test the legality of his detention."  McCarthan, 851 F.3d at 1081 (quotation omitted).  In other words, we ask whether "the prisoner would have been permitted to bring that claim in a motion

3

to vacate." Id. at 1086–87. If so, then a § 2255 motion is adequate. Id. If the claim could not be brought in a motion to vacate, then a petitioner can raise the claim through § 2241. Id. "A meritless claim can be just as cognizable [under § 2255] as a non-meritless" claim if "it goes to the legality" of the detention, "and if the claim were meritorious . . . the remedy by motion could give" relief. Amodeo v. FCC Coleman-Low Warden, 984 F.3d 992, 1002-03 (11th Cir. 2021).

In McCarthan, our en banc Court determined that the saving clause permits a federal prisoner to proceed under § 2241 when, for example: (1) "challeng[ing] the execution of his sentence, such as the deprivation of good-time credits or parole determinations"; (2) "the sentencing court [was] unavailable," such as when the sentencing court itself has been dissolved; or (3) "practical considerations (such as multiple sentencing courts) might prevent [him] from filing a motion to vacate." 851 F.3d at 1092-93. On the other hand, where the petitioner's motion attacked his sentence based on a claim that could have been brought in a § 2255 motion, the § 2255 remedial vehicle was adequate and effective to test his claim, even if circuit precedent or a procedural bar would have foreclosed it. Id. at 1089-90, 1099.

In Rehaif, the Supreme Court clarified that, in prosecuting an individual under § 922(g) and § 924(a)(2) -- which provides that anyone who "knowingly violates" § 922(g) can be imprisoned for up to ten years -- the government must prove that the defendant knew that he violated each of the material elements of § 922(g): that is,

4

that he fell into one of the categories that made it unlawful to possess a firearm, and that he possessed the firearm. 139 S. Ct. at 2200. Following Rehaif, our Court denied an application for leave to file a successive § 2255 motion to vacate based on Rehaif, holding that Rehaif did not announce a new rule of constitutional law, since it merely clarified what the government must prove in prosecuting an individual under §§ 922(g) and 924(a)(2). In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019). We further held that, even if Rehaif had announced a new rule of constitutional law, the Supreme Court had not made it retroactive to cases on collateral review. See id.

Here, the district court properly dismissed Bedgood's § 2241 petition. For starters, his petition did not challenge the execution of his conviction or sentence nor any aspect of how his sentence was being carried out. Instead, Bedgood claimed that his conviction for possession of firearms by a convicted felon should have been vacated in light of Rehaif, thereby challenging the validity of his indictment and whether he properly was convicted under §§ 922(g), 924(e). As a result, Bedgood's claims would have been properly raised in a § 2255 motion, and not a § 2241 petition. See Antonelli, 542 F.3d at 1352; Sawyer, 326 F.3d at 1365.

While we've said that a Rehaif claim does not meet the criteria to file a successive § 2255 motion, that does not mean that the remedy by § 2255 would have been inadequate -- a Rehaif claim still is cognizable under § 2255 as a challenge to the validity of a conviction. See Amodeo, 984 F.3d at 1002-03; McCarthan, 851

5

F.3d at 1086-87; see also In re Palacio, 931 F.3d at 1315.  We recognize that the Supreme Court decided Rehaif after Bedgood's original § 2255 motion, but he still "would have been permitted to bring that claim" in his original motion to vacate, regardless of whether the claim had merit.  See McCarthan, 851 F.3d at 1086–87.  This means that under our case law, § 2255 was an adequate vehicle to test his claim.  Id.; accord Amodeo, 984 F.3d at 1002-03 ("A meritless claim can be just as cognizable [under § 2255] as a non-meritless" claim if "it goes to the legality" of the detention, "and if the claim were meritorious . . . the remedy by motion could give" relief).

Moreover, Bedgood did not show that the sentencing court was unavailable, or that practical considerations prevented him from filing a § 2255 motion where he did, in fact, previously file a § 2255 motion challenging the instant conviction and sentence.  See McCarthan, 851 F.3d at 1092-93.  As a result, Bedgood could not satisfy § 2255(e)'s saving clause, so the district court lacked jurisdiction to consider Bedgood's § 2241 petition and properly dismissed it.  See Brown, 81 F.3d at 1283.

**AFFIRMED**.