**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1167
_____

IN RE:JONATHAN ANDREWS,
                    Petitioner
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on February 1, 2024

Before: KRAUSE, PORTER, and CHUNG, *Circuit Judges*

(Filed: February 7, 2024)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

KRAUSE, *Circuit Judge*.

Jonathan Andrews applies for authorization to file a second or successive petition for habeas corpus relief under 28 U.S.C. § 2255. Because he cannot show that his second § 2255 petition would be based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" to him, 28 U.S.C. § 2255(h)(2), we will deny Andrews' application.

## I. DISCUSSION[1]

Federal prisoners may not file a second or successive petition for habeas corpus relief unless they first receive authorization from this Court to do so. *In re Sampson*, 954 F.3d 159, 160 (3d Cir. 2020); *see also* 28 U.S.C. § 2255(h). To obtain our authorization, the petitioner must make a prima facie showing that the petition will be based on either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

---

[1] We have jurisdiction to consider Andrews' application for leave to file a second or successive habeas petition in the first instance under 28 U.S.C. § 2255(h) and 28 U.S.C. § 2244(b)(3).

Andrews invokes the second ground, claiming that he is entitled to habeas relief under either *United States v. Davis*, 139 S. Ct. 2319 (2019) or *United States v. Taylor*, 596 U.S. 845 (2022). He is mistaken.

In *Davis*, the Supreme Court announced a new, retroactively applicable rule of constitutional law by invalidating the residual clause of § 924(c) as unconstitutionally vague, leaving only the elements clause of the provision's definition of "crime of violence." *See Davis*, 139 S. Ct. at 2336. But Andrews' second habeas petition cannot be based on *Davis* because the rule established in *Davis* was not "previously unavailable." 28 U.S.C. § 2255(h)(2). *Davis* was decided in 2019, while Andrews' first § 2255 petition was still pending,[2] and Andrews has offered no reason why he could not have amended that petition to include the *Davis* claim. *See, e.g.*, *Munoz v. United States*, 28 F.4th 973, 977–78 (9th Cir. 2022) (holding that the rule announced in *Davis* was available during Petitioner's initial habeas petition because "the record does not establish that he would have been prohibited from amending his initial habeas motion to assert a *Davis* argument related to his § 924(c) conviction").

---

[2] After he was arrested for his participation in two armed robberies, Andrews pleaded guilty to one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), one count of attempted Hobbs Act robbery, and one count of using and carrying a firearm during a crime of violence (in connection with the attempted Hobbs Act robbery), in violation of 18 U.S.C. § 924(c). He was sentenced to a total of 180 months in prison, a significant downward departure from his guidelines range. Andrews then filed his first § 2255 petition on May 22, 2017. The District Court denied the petition, and we summarily affirmed.

Even if *Davis* was unavailable at the time of Andrews' first petition, the petition he now seeks to pursue based on that "new rule" would be time-barred because it had to be filed by no later than June 24, 2020, a year after *Davis* was decided. *See* 28 U.S.C. § 2255(f)(3) (requiring that a second or successive habeas petition based on a new rule of constitutional law be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court . . ."). Instead, Andrews filed this application for leave to file a second or successive habeas petition more than three and a half years after the *Davis* decision, on January 31, 2023.

To the extent that Andrews' petition would rest on *Taylor*, it would fail under § 2255(h) for a different reason: *Taylor* addressed a question of statutory interpretation, not a new rule of constitutional law. *See In re Dorsainvil*, 119 F.3d 245, 248 (3d Cir. 1997) (distinguishing "substantive statutory holding[s]" from "new rule[s] of constitutional law"), *abrogated on other grounds by Jones v. Hendrix*, 599 U.S. 465 (2023). In *Taylor*, the Court held that attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), did not constitute a "crime of violence" under the elements clause of 18 U.S.C. § 924(c).[3] 596 U.S. at 860. But it did so merely by applying the reasoning in *Davis* and interpreting the term "crime of violence" under § 924(c), *see id.* at 850–59, not

---

[3] Because the Court had already determined two years earlier in *Davis* that the residual clause of § 924(c) was unconstitutionally vague, *Davis*, 139 S. Ct. at 2336, the *Taylor* Court's holding meant that a defendant who has been convicted of attempted Hobbs Act robbery could no longer be subject to the enhanced penalties of § 924(c), *see Taylor*, 596 U.S. at 860.

by announcing a new constitutional rule, and Andrews points to no court of appeals that has held otherwise.

In short, Andrews cannot satisfy the requirements of § 2255(h)(2) based on either *Davis* or *Taylor*, and his application for leave to file a second or successive petition for habeas corpus relief under § 2255 must therefore be denied.

## II.    CONCLUSION

For the foregoing reasons, we will deny Andrews' § 2255(h) application.