**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4719**

———————

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

RAYMOND RAY LOCKLEAR, a/k/a Rambo,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Louise W. Flanagan, District Judge. (7:13-cr-00032-FL-1)

———————

Submitted: June 26, 2014          Decided: July 10, 2014

———————

Before GREGORY and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed in part; dismissed in part by unpublished per curiam opinion.

———————

Jeffrey M. Brandt, ROBINSON & BRANDT, P.S.C., Covington, Kentucky, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raymond Ray Locklear pleaded guilty to conspiracy to possess with intent to distribute and distribute more than 280 grams of cocaine base, in violation of 21 U.S.C. § 846 (2012). The district court sentenced Locklear to 396 months of imprisonment and he now appeals. For the reasons that follow, we affirm the conviction and dismiss Locklear's appeal of his sentence.

On appeal, Locklear argues that the Government breached the plea agreement by using allegedly protected information provided by Locklear to increase the advisory Guidelines range and that the district court violated his due process rights based on the use of the information. As Locklear did not raise this issue in the district court, we review this claim for plain error. Puckett v. United States, 556 U.S. 129, 133-35 (2009). To establish plain error, Locklear must demonstrate that a clear or obvious defect occurred that affected his substantial rights and that we should recognize the error because it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks, alterations, and citations omitted).

We construe a plea agreement pursuant to the principles of contract interpretation. United States v. Davis, 689 F.3d 349, 353 (4th Cir. 2012). Because a defendant's

2

fundamental constitutional rights are implicated when he pleads guilty pursuant to a plea agreement, "the government is held to a greater degree of responsibility than the defendant . . . for imprecisions or ambiguities in plea agreements." United States v. Lewis, 633 F.3d 262, 269 (4th Cir. 2011). "[W]hile each party should receive the benefit of its bargain, the government is bound only by the promises it actually made to induce the defendant's plea." Davis, 689 F.3d at 353 (internal quotation marks and citation omitted). We have thoroughly reviewed the record and conclude that Locklear has failed to demonstrate that the Government breached the plea agreement. Thus, we affirm his conviction.

Locklear also argues that the sentence is procedurally and substantively unreasonable. In response, the Government asserts the waiver of appellate rights contained in the plea agreement. Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2012). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). A waiver will preclude appeal of a specific issue if the waiver is valid and the issue is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Whether a defendant validly waived his right to appeal is a question of law that we review de novo. Id. at 168.

3

"The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." Id. at 169 (citation omitted). To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991).

We conclude that the district court fully complied with the requirements of Rule 11 and that Locklear's waiver of his appellate rights was knowing and intelligent. The appellate waiver included Locklear's right to appeal any sentence imposed, except a sentence above the advisory Guidelines range established at sentencing. Here, the district court sentenced Locklear below the advisory Guidelines range. Therefore, Locklear has waived appellate review of his sentence.

Accordingly, we affirm Locklear's conviction and dismiss his appeal of his sentence. We dispense with oral

4

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>