# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 8, 2022

Lyle W. Cayce
Clerk

No. 20-30436

United States of America,

*Plaintiff—Appellee*,

*versus*

Daryon D. Kelley,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
No. 3:20-CV-627

Before King, Elrod, and Southwick, *Circuit Judges*.
Jennifer Walker Elrod, *Circuit Judge*:

Until 2019, federal courts consistently held that knowledge of felony status was not an essential element of the crime of possessing a firearm as a felon. The defendant was convicted when that interpretation of the applicable statute was ubiquitous. But shortly after the conviction, the Supreme Court said that interpretation is wrong. The issue before us is whether that decision recognized a new right that applies retroactively to initial collateral actions under 28 U.S.C. § 2255. It did. The district court erred by concluding otherwise, so we VACATE and REMAND for further proceedings consistent with this opinion.

No. 20-30436

Defendant Daryon Kelley was tried and convicted for possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). The jury instructions did not specify that the jury must find that Kelley knew he was a felon when he possessed a firearm. After Kelley's conviction and sentencing, the Supreme Court decided in *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019), that knowledge of felony status is an essential element of that offense. The following year, Kelley filed a motion with the district court under 28 U.S.C. § 2255, arguing that because of *Rehaif* the court should vacate, set aside, or correct his sentence. The district court denied the motion, concluding that *Rehaif* did not establish a new right that applies retroactively as required for such collateral actions. Kelley sought a certificate of appealability from this court, which was granted.

The Government and Kelley both agree that *Rehaif* supplied a new rule of law that applies retroactively to initial § 2255 petitions, and thus the district court erred. This court has not yet addressed the issue, but we agree as well.

Under § 2255, a prisoner who claims that his sentence violates federal law "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). If the prisoner claims that his sentence violates a right that did not exist at the time of conviction, he has one year to file an initial § 2255 petition from the date the new right was recognized by the Supreme Court and made retroactive to cases on collateral review. *Id.* § 2255(f)(3).

We therefore must consider whether in *Rehaif* the Supreme Court newly recognized a right and whether that right has been made retroactive to cases on collateral review. We first conclude that the Supreme Court did indeed recognize a new right—the defendant's right to have the Government prove beyond a reasonable doubt that the defendant knew of his felony status

when he possessed a firearm.  Before *Rehaif*, every circuit court of appeals to address the issue, including this court, had held that § 922(g)'s knowledge requirement did not apply to the fact of the defendant's status as a felon.[1] But the Supreme Court explicitly held otherwise in *Rehaif*.  139 S. Ct. at 2194.

Next, that rule applies retroactively.  The Supreme Court has explained that "[n]ew substantive rules generally apply retroactively" to finalized convictions.  *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004) (emphasis omitted).  "This includes decisions that narrow the scope of a criminal statute by interpreting its terms . . . ."  *Id.*  "Such rules apply retroactively because they 'necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal' or faces a punishment that the law cannot impose upon him."  *Id.* at 352 (quoting *Bousley v. United States*, 523 U.S. 614, 620 (1998)).  We thus have said in another context that "new [Supreme Court] decisions interpreting federal statutes that substantively define criminal offenses automatically apply retroactively."  *Garland v. Roy*, 615 F.3d 391, 396 (5th Cir. 2010).  The *Rehaif* decision did just that.  It recognized for the first time an essential *mens rea* element of a crime in a federal statute.

The Second, Third, Sixth, and Eleventh Circuits have held that *Rehaif* cannot serve as a basis for a second or successive motion brought under 28 U.S.C. § 2255.  *See Mata v. United States*, 969 F.3d 91, 93 (2d Cir. 2020); *In*

---

[1] *See United States v. Smith*, 940 F.2d 710, 713 (1st Cir. 1991); *United States v. Boyd*, 999 F.3d 171, 178 (3d Cir. 2021) (citing *United States v. Huet*, 665 F.3d 588, 596 (3d Cir. 2012)); *United States v. Langley*, 62 F.3d 602, 604–08 (4th Cir. 1995) (*en banc*); *United States v. Rose*, 587 F.3d 695, 705–06 & n.9 (5th Cir. 2009); *United States v. Dancy*, 861 F.2d 77, 80–82 (5th Cir. 1988); *United States v. Lane*, 267 F.3d 715, 720 (7th Cir. 2001); *United States v. Thomas*, 615 F.3d 895, 899 (8th Cir. 2010); *United States v. Kind*, 194 F.3d 900, 907 (8th Cir. 1999); *United States v. Miller*, 105 F.3d 552, 555 (9th Cir. 1997); *United States v. Games-Perez*, 667 F.3d 1136, 1140–41 (10th Cir. 2012); *United States v. Capps*, 77 F.3d 350, 352–54 (10th Cir. 1996); *United States v. Jackson*, 120 F.3d 1226, 1229 (11th Cir. 1997).

*re Sampson*, 954 F.3d 159, 161 (3d Cir. 2020); *Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020); *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019). But crucially, the provision governing successive petitions uses different language than the provision governing initial petitions. The provision governing successive petitions specifically requires "a new rule of *constitutional* law" that has been made retroactive. 28 U.S.C. § 2255(h)(2) (emphasis added). By contrast, the provision governing initial petitions requires only a "*right* [that] has been newly recognized by the Supreme Court" and made retroactive. 28 U.S.C. § 2255(f)(3) (emphasis added). As those circuits noted, *Rehaif* concerned a statutory rule, not a constitutional rule. *Mata*, 969 F.3d at 93 ("The Supreme Court's *Rehaif* decision resolved only a question of statutory interpretation and did not announce a rule of constitutional law (much less a new one, or one that the Supreme Court has made retroactive on collateral review or that was previously unavailable)."); *Palacios*, 931 F.3d at 1315; *Sampson*, 954 F.3d at 161 ("First and foremost, *Rehaif* did not state a rule of constitutional law at all. Rather, it addressed what the *statutes* enacted by Congress require for a conviction under 18 U.S.C. §§ 922(g) and 924(a)(2)."); *Khamisi-El*, 800 F. App'x at 349 ("The rule stated in *Rehaif* is a matter of statutory interpretation, not a new rule of constitutional law." (internal quotation omitted)).[2]

Indeed, the Eleventh Circuit did eventually address *Rehaif*'s retroactive application to *initial* § 2255 motions, and it reached the same conclusion as we do today. *Seabrooks v. United States*, 32 F.4th 1375, 1383 (11th Cir. 2022). And in doing so, it explicitly distinguished its previous decision in *Palacios* about successive petitions. *Id.* at 1382 ("Although we have previously analyzed *Rehaif* in the context of an application for leave to

---

[2] We note, then, that our holding today does not apply to successive § 2255 petitions, for which the analysis would differ.

file a second or successive § 2255 motion pursuant to §§ 2255(h) and 2244(b)(3)(A), we have yet to analyze a *Rehaif* claim brought in an initial motion to vacate." (footnote omitted)).

Thus, the decisions of other circuits holding that the *Rehaif* rule does not serve as a basis for a second or successive motion under 28 U.S.C. § 2255 are not relevant to the issue whether the rule applies to initial § 2255 petitions. For this issue, the Supreme Court in *Rehaif* recognized a new right that applies retroactively to cases on collateral review. The district court therefore erred by concluding otherwise and denying Kelley's § 2255 petition on that ground.

Even though both parties agree on that point, the Government asks us to affirm the district court's judgment on other grounds—namely, that Kelley's claim is procedurally defaulted and is without merit. We decline the Government's invitation. But we do not take a position on those issues. The district court has not addressed procedural default or the merits of Kelley's claim. It should have an opportunity to do so before we weigh in. *See Bousley v. United States*, 523 U.S. 614, 623–24 (1998); *United States v. Jones*, 172 F.3d 381, 384–85 (5th Cir. 1999) (vacating and remanding for the district court to address a claim of actual innocence when the district court had previously denied a § 2255 motion without doing so).

We therefore VACATE the judgment of the district court that denied Kelley's § 2255 motion, and we REMAND for further proceedings consistent with this opinion.