**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-7240

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

THOMAS BRADFORD WATERS,

Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Bruce H. Hendricks, District Judge.  (4:15-cr-00158-BHH-1; 4:19-cv-0004-BHH)

Argued:  January 26, 2023                                    Decided:  March 30, 2023

Before WILKINSON, AGEE, and WYNN, Circuit Judges.

Vacated and remanded by published opinion. Judge Wilkinson wrote the opinion, in which Judge Agee joined. Judge Wynn wrote a separate concurring opinion.

**ARGUED:**  Paresh S. Patel, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant.  Benjamin Neale Garner, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.  **ON BRIEF:**  James Wyda, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Baltimore, Maryland, for Appellant.  Adair F. Boroughs, United States Attorney, Columbia, South Carolina, Derek A. Shoemake, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

WILKINSON, Circuit Judge:

This case requires us to decide whether *Rehaif v. United States*, 139 S. Ct. 2191 (2019), applies retroactively to cases on collateral review through an initial 28 U.S.C. § 2255 motion. We conclude that because *Rehaif* announced a new substantive rule that "narrow[s] the scope of a criminal statute by interpreting its terms," it applies retroactively. *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004). We therefore vacate the district court's contrary decision and remand for further proceedings consistent with this opinion.

I.

On September 14, 2015, a jury convicted Thomas Waters of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). That provision makes it unlawful for any person "who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year" to, *inter alia*, "possess . . . any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g). At the time of Waters's offense, anyone who "knowingly violate[d]" this provision could be imprisoned for up to ten years. *Id.* § 924(a)(2) (2012). Notwithstanding this *mens rea* requirement, the district court instructed the jury that "it is not necessary for the government to prove that the defendant knew he was a convicted felon." J.A. 200.

On April 13, 2016, the district court sentenced Waters to ten years' imprisonment. This court affirmed his conviction and sentence on direct appeal. *United States v. Waters*, 697 F. App'x 760 (4th Cir. 2017).

On January 2, 2019, Waters filed a pro se 28 U.S.C. § 2255 motion to vacate his conviction. While that motion was pending, the Supreme Court decided *Rehaif v. United*

*States*, 139 S. Ct. 2191 (2019). In *Rehaif*, the Court held "that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm *and that he knew he belonged to the relevant category of persons barred from possessing a firearm*." *Id.* at 2200 (emphasis added). Waters proceeded to file a motion to appoint counsel to assist him in preparing a *Rehaif* claim, arguing that *Rehaif* voided his felon-in-possession conviction because the government failed to meet its burden to prove that he knew he was a felon at the time he possessed a firearm.

The district court denied Waters's motion to appoint counsel and his § 2255 motion in its entirety. On the *Rehaif* claim, the district court reasoned that *Rehaif* "is not directly applicable to Waters' case" because the § 922(g) offense at issue in *Rehaif* was the possession of a firearm by an unlawful alien, *see* 18 U.S.C. § 922(g)(5), not possession by a felon under § 922(g)(1). J.A. 332. The court also found "no indication" that the Supreme Court has made *Rehaif* retroactively applicable on collateral review. *Id.* Waters timely appealed and we granted a certificate of appealability on the *Rehaif* issue.

## II.

The district court erred in concluding that *Rehaif* does not apply to felon-in-possession convictions under 18 U.S.C. § 922(g)(1) and that *Rehaif* does not apply retroactively on collateral review.

## A.

The Supreme Court has made clear that *Rehaif*'s knowledge-of-prohibited-status *mens rea* requirement applies to all firearms-possession offenses under 18 U.S.C. § 922(g). In *Greer v. United States*, the Supreme Court explained that *Rehaif* "clarified the *mens*

3

*rea* requirement for *firearms-possession offenses, including the felon-in-possession offense.*" 141 S. Ct. 2090, 2095 (2021) (emphasis added). "In felon-in-possession cases after *Rehaif*, the Government must prove not only that the defendant knew he possessed a firearm, but also that *he knew he was a felon* when he possessed the firearm." *Id.* The Court then applied *Rehaif* to the petitioners' felon-in-possession offenses. *See id.* at 2095–96.

Given the Supreme Court's opinion in *Greer*, the district court erred in concluding that *Rehaif* does not apply to felon-in-possession convictions under 18 U.S.C. § 922(g)(1).

B.

The district court also erred in concluding that *Rehaif* does not apply retroactively to initial 28 U.S.C. § 2255 motions. A prisoner who has exhausted his direct appeals may obtain collateral review of his conviction through an initial § 2255 motion based on, *inter alia*, a claim that his "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). *Rehaif* articulated the *mens rea* required to convict a defendant for a violation of 18 U.S.C. § 922(g)—a "law[] of the United States."

*Rehaif* was decided after Waters's criminal conviction was made final on direct appeal, but while his initial § 2255 motion was pending. We therefore must determine whether *Rehaif* applies retroactively to cases on collateral review.

Whether a new rule announced by the Supreme Court applies retroactively depends on whether the rule is substantive or procedural. "[N]ew procedural rules do not apply retroactively on federal collateral review" because they "alter 'only the manner of determining the defendant's culpability.'" *Edwards v. Vannoy*, 141 S. Ct. 1547, 1562 (2021) (quoting *Summerlin*, 542 U.S. at 353). They "do not produce a class of persons

4

convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." *Summerlin*, 542 U.S. at 352. While the Court once recognized an exception for "watershed rules of criminal procedure," *Teague v. Lane*, 489 U.S. 288, 311 (1989), it has overruled that "theoretical exception" as "moribund," *Edwards*, 141 S. Ct. at 1560; *see id.* at 1559 ("If landmark and historic criminal procedure decisions—including *Mapp*, *Miranda*, *Duncan*, *Crawford*, *Batson*, and now *Ramos*—do not apply retroactively on federal collateral review, how can any additional new rules of criminal procedure apply retroactively on federal collateral review?").

"New substantive rules," by contrast, "apply retroactively." *Id.* at 1562. "This includes decisions that narrow the scope of a criminal statute by interpreting its terms as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." *Summerlin*, 542 U.S. at 351–52 (citations omitted). Generally, applying rules that were "not in existence at the time a conviction became final seriously undermines the principle of finality which is essential to the operation of our criminal justice system." *Teague*, 489 U.S. at 309. But retroactive application of substantive rules is justified because "they necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him." *Summerlin*, 542 U.S. at 352 (quotation marks omitted).

*Rehaif* announced a new substantive rule that applies retroactively on collateral review. In *Rehaif*, the Supreme Court held that a person commits a firearms-possession

5

offense only if he knew that "he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. The *Rehaif* Court reached this conclusion by interpreting the "knowingly" *mens rea* requirement of 18 U.S.C. § 924(a)(2) as it applies to 18 U.S.C. § 922(g). *Id.* at 2194. The *Rehaif* decision therefore "narrow[ed] the scope of a criminal statute by interpreting its terms." *Summerlin*, 542 U.S. at 351. It "alter[ed] the range of conduct or the class of persons that the law punishes," *id.* at 353, by exempting from punishment persons who unlawfully possessed a firearm but did not know they belonged to the class prohibited from doing so. We therefore accept the government's concession that *Rehaif* applies retroactively and join our sister circuits that have held the same. *See Seabrooks v. United States*, 32 F.4th 1375, 1382–83 (11th Cir. 2022) (per curiam); *United States v. Kelley*, 40 F.4th 250, 252–53 (5th Cir. 2022); *Baker v. United States*, 848 F. App'x 188, 189–90 (6th Cir. 2021).

III.

Because *Rehaif* applies to all 18 U.S.C. § 922(g) firearms-possession offenses and applies retroactively to initial § 2255 motions, the district court erred in denying Waters's motions. We therefore vacate and remand for further proceedings consistent with this opinion.

On remand, the district court should consider any issues related to procedural default and prejudice in addition to the merits of Waters's claim. *See Kelley*, 40 F.4th at 253

6

(remanding to determine whether the petitioner procedurally defaulted his *Rehaif* claim).[1]

If Waters procedurally defaulted his claim, he must establish either "cause and actual prejudice," *United States v. Frady*, 456 U.S. 152, 167 (1982), or "actual innocence," *Bousley v. United States*, 523 U.S. 614, 623 (1998), to excuse his procedural default.

With respect to prejudice, we note that in the analogous context of establishing prejudice on plain-error review, the Supreme Court has explained that "if a defendant was

---

[1] Our concurring friend says he wishes to leave matters to the district court upon remand. Not so. He is happy to decide them here. He promptly preempts the district court and jumps to the affirmative and premature conclusion that the government "waived" the defense of procedural default. Even under his own framework, however, there are reasons to be skeptical.

Here, the government may not have waived its defense before the district court because it lacked a fair opportunity to raise it. *Rehaif* was decided and Waters filed his *Rehaif* motion *after* the government filed its response to Waters's § 2255 motion. *See* D.E. 211 (government response in opposition, April 5, 2019); *Rehaif v. United States*, 139 S. Ct. 2191 (June 21, 2019); D.E. 228 (Waters's motion to appoint counsel to argue his *Rehaif* claim, July 22, 2019). The district court denied Waters's *Rehaif* motion only ten days later, without requesting any briefing from the government. *See* D.E. 229 (August 1, 2019). If the government had no adequate opportunity to respond to Waters's motion, it could hardly have waived—*i.e.*, "intentional[ly] relinquish[ed]"—its defense of procedural default. *United States v. Olano*, 507 U.S. 725, 733 (1993) (quotation marks omitted). And while the concurring opinion seeks to fault the government for not raising procedural default on appeal, any failure to do so in a brief motion consenting to remand on the retroactivity issue can hardly be characterized as any sort of intentional waiver.

Moreover, the Supreme Court has held that while courts may not "override a State's deliberate *waiver*," courts *do* have "discretion" to consider an inadvertently "*forfeited* habeas defense." *Wood v. Milyard*, 566 U.S. 463, 471–73 (2012) (quotation marks omitted and emphasis added); *see Royal v. Taylor*, 188 F.3d 239, 247 (4th Cir. 1999) (noting that "even if" the government did not raise procedural default, "a federal court, in its discretion, may hold a claim procedurally defaulted"). And, in any event, these would be matters to be sorted out by the district court on remand, even if we were to adopt *arguendo* the concurring opinion's approach.

in fact a felon, it will be difficult for him" to carry his burden "of showing a reasonable probability that, but for the *Rehaif* error, the outcome of the district court proceedings would have been different." *Greer*, 141 S. Ct. at 2097 (quotation marks omitted). "[A]bsent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon" because a felon "ordinarily knows he is a felon." *Id*.

To sum up, the Supreme Court could not have put it more clearly and directly: "[B]oth the Federal Rules and this Court's precedents confirm that unpreserved *Rehaif* claims are subject to plain-error review under Rule 52(b)." *Id.* at 2099. And a habeas petitioner who has procedurally defaulted his claim must "must clear a significantly higher hurdle than would exist on direct appeal." *Frady*, 456 U.S. at 166. Thus, in any prejudice analysis, the district court should conduct a fact-intensive inquiry under the Supreme Court's careful guidance in the *Greer* decision. Of course, if the defendant establishes that he did not in fact know of his felony status, the district court would be free to award appropriate relief.

We leave these issues and the merits of Waters's claim for the district court to decide in the first instance.

*VACATED AND REMANDED*

8

WYNN, Circuit Judge, concurring:

I concur, fully, in that part of the majority opinion that addresses the issues properly presented to this Court—whether *Rehaif* applies to all 18 U.S.C. § 922(g) firearms-possession offenses and whether it applies retroactively to initial 28 U.S.C. § 2255 applications. But I depart from that part of the majority opinion that reaches beyond this issue to address an issue that the government waived—Appellant Waters' possible procedural default of this claim. That's because the majority's *dicta* consideration of this government-waived issue contrasts with countless opinions by this Court that refused to consider claims that a *defendant* failed to raise in proceedings below. And that's not fair.

For instance, without question, when a defendant raises an issue on direct appeal that he did not raise before the district court, we review the claim for plain error. Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."); *accord United States v. Olano*, 507 U.S. 725, 731 (1993) (recognizing that Rule 52 gives a court of appeals "a limited power to correct errors that were forfeited because not timely raised in district court"). Likewise, when a prisoner brings an application for postconviction relief under 28 U.S.C. § 2255, seeking to raise issues he did not raise on direct appeal, he must demonstrate either that he is actually innocent or that there is cause for the default and actual prejudice resulting from it. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *see also United States v. Frady*, 456 U.S. 152, 166 (1982) (explaining that the cause-and-prejudice standard is a "significantly higher hurdle" than the plain-error standard). And in certain contexts, failure to raise issues at the proper point in the proceedings forecloses appellate review of those unraised issues

9

entirely. *See Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985) (holding that failing to object to a magistrate judge's report after receiving proper notice of the consequences of such a failure waives appellate review of the district court's order adopting the magistrate judge's findings).

To drive this point home, it is easy to cite cases showing that we do not hesitate to apply these rules when a criminal *defendant or prisoner* fails to raise an issue at the earliest opportunity. *See, e.g.*, *United States v. Bennett*, 698 F.3d 194, 200 (4th Cir. 2012) (applying plain-error review because defendant failed to raise the issue before the district court); *United States v. Wright*, 746 F. App'x 290, 290 (4th Cir. 2019) (per curiam) (same); *United States v. Strong*, 729 F. App'x 243, 245 (4th Cir. 2018) (per curiam) (same); *United States v. Locklear*, 578 F. App'x 216, 216–17 (4th Cir. 2014) (per curiam) (same); *United States v. Fugit*, 703 F.3d 248, 253–61 (4th Cir. 2012) (reviewing procedurally defaulted claims to assess whether prisoner has demonstrated actual innocence or cause for the default and resulting prejudice); *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010) (same); *United States v. Pridgen*, No. 20-6374, 2022 WL 296582, at *1 (4th Cir. Feb. 1, 2022) (same); *United States v. Butler*, No. 22-7085, 2023 WL 2204436, at *1 (4th Cir. Feb. 24, 2023) (per curiam) (finding that prisoner waived appellate review of issues by failing to raise them in objections to magistrate judge's report); *United States v. Tate*, 7 F. App'x 293, 294 (4th Cir. 2001) (per curiam) (same).

This eager readiness to apply these barriers to appellate review when a defendant or prisoner fails to raise an issue at the proper moment shamefully reveals that it is decidedly unfair to *sua sponte* raise for the government an issue that, according to the record before

10

us on appeal, it *never* raised in these proceedings—namely, the possibility that Waters procedurally defaulted the *Rehaif* claim. Surely, the government must plead procedural default as an affirmative defense or the defense will be lost. *United States v. Harris*, 991 F.3d 552, 558 (4th Cir. 2021). And because procedural default is not a jurisdictional issue, we are not required to raise it *sua sponte*. *Trest v. Cain*, 522 U.S. 87, 89 (1997).

The majority responds to this separate opinion by asserting first that the government may not have waived the procedural default argument because the district court ruled on the *Rehaif* issue only ten days after Waters raised it for the first time, without additional briefing from the government; and second, that courts are permitted to raise the issue of procedural default even if the government forfeited the defense. Both responses miss the point.

First, not only did the government not raise this issue in the district court; it didn't even mention it in the briefs before this Court. In fact, in its Response Brief to this Court, the government stated that we "should remand Appellant's case to the district court for a review of the *merits* of his *Rehaif* claim." Response Br. at 4 (emphasis added). So even if the government *may not have* waived procedural default by failing to raise it before the district court, it affirmatively waived that issue before this Court.[1] More importantly, as to

---

[1] The majority opinion claims that this separate opinion "seeks to fault the government for not raising procedural default on appeal." Majority Op. at 7 n.1. Not so. The government's position is faultlessly clear—simply remand this matter to the district court because of the *Rehaif* error. This separate opinion faults only the failure of my friends in the majority to adhere to their roles as judges, not prosecutors.

(Continued)

11

the second response by the majority, our courts extend no charity to defendants who fail to raise an issue, so why should courts *sua sponte* raise an issue that the government flatly did not raise and affirmatively waived on appeal?

Judges are not prosecutors. But increasingly, the line that divides the roles of appellate judges and government prosecutors is all too often ignored. *See United States v. Robinson*, 55 F.4th 390, 405–09 (4th Cir. 2022) (Wynn, J., dissenting in part).

The majority opinion also states, in response to this separate opinion: "Our concurring friend says he wishes to leave matters to the district court upon remand. Not so. He is happy to decide them here." Majority Op. at 7 n.1. That is a classic "straw man" approach, which seeks to distort the point of this separate opinion and then attack that distortion as if it were what this opinion is pointing out. Quite the gall. It is the majority that is happy to take on the role of prosecutor, raise an issue that was not raised by the government, and decide it here.

To be fair, we should treat the government's failure to raise procedural default as a waiver of that issue—just like we do for defendants. Doing so in this case means we should,

---

The majority also contends that the government's mere failure to raise the procedural default issue "in a brief motion consenting to remand on the retroactivity issue can hardly be characterized as any sort of intentional waiver." *Id.* But this is not an accurate characterization of what the government did. Although Waters had filed a motion to remand, that motion was deferred pending resolution of the *Rehaif* issue on which this Court granted a certificate of appealability. Waters then filed an Opening Brief, and the government filed a Response Brief. Thus, although the government's Response Brief was short—because the parties agreed that the proper course was to remand to the district court for consideration of the *Rehaif* claim on the merits—it was nevertheless a substantive brief representing the government's view of the issue.

as the government stated, simply remand to the district court for consideration of the *Rehaif*

claim on the merits.