**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 19-7827**

_____

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

> v.

BRADFORD D VOL ALLEN,

> Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Max O. Cogburn, Jr., District Judge.  (1:15-cr-00064-MOC-WCM-1; 1:19-cv-00314-MOC)

_____

Submitted:  June 22, 2023                                    Decided:  June 26, 2023

_____

Before HARRIS and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Bradford D Vol Allen, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bradford D Vol Allen seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 motion.* The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Allen has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

\* We held this case in abeyance for *United States v. Waters*, 64 F.4th 199, 201 (4th Cir. 2023), in which this court determined that the rule announced in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), applies retroactively to cases on collateral review.

2