**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3508
_____

UNITED STATES OF AMERICA

v.

CARLOS C. HILL,
                                    Appellant
_____


On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-12-cr-00243-001)
District Judge:  Honorable Sylvia H. Rambo
_____

Argued:  June 27, 2023

Before: JORDAN, KRAUSE, and
MONTGOMERY-REEVES, *Circuit Judges*.

(Filed: April 12, 2024)

Lisa B. Freeland
Samuel G. Saylor **[ARGUED]**
Office of Federal Public Defender
1001 Liberty Avenue
Suite 1500
Pittsburgh, PA 15222
        *Counsel for Appellant*

Gerard M. Karam
Carlo D. Marchioli
Office of United States Attorney
Middle District of Pennsylvania
Sylvia H. Rambo United States Courthouse
1501 N 6th Street, 2nd Floor
P.O. Box 202
Harrisburg, PA 17102

Kenneth A. Polite
Lisa H. Miller
Joshua K. Handell
John-Alex Romano **[ARGUED]**
United States Department of Justice
Criminal Division
Room 7101
1400 New York Avenue NW
Washington, DC 20005
        *Counsel for Appellee*

_____

OPINION OF THE COURT
_____

MONTGOMERY-REEVES, *Circuit Judge.*

Under 18 U.S.C. § 922(g)(1), it is unlawful for a person who has been convicted of a crime punishable by imprisonment of a term exceeding one year to possess a firearm. Before 2019, in every circuit, a conviction under § 922(g)(1) required the government to prove that a person had been convicted of a crime punishable by imprisonment of more than one year and that the person *knew* that he or she possessed a firearm. Relevant to this appeal, the government did not have to prove that the person knew that he or she had been convicted of such a crime. In 2019, in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the Supreme Court overturned this uniform precedent and held that to be convicted under § 922(g), the government must prove that the person knew that he or she is a member of the prohibited group.

In 2013, Carlos Hill was convicted of possession of a firearm in violation of § 922(g)(1), and, in 2019, like many similarly situated people, he sought to collaterally attack his conviction in the wake of *Rehaif*. Hill filed a request with the District Court for appointment of counsel to pursue his *Rehaif* claim in a motion under 28 U.S.C. § 2255 (a "§ 2255 motion"). The District Court denied his request for counsel and held that Hill did not qualify for relief under *Rehaif* because his 2019 § 2255 motion was second or successive.

Hill appealed the District Court's order, arguing that he does qualify for relief under *Rehaif* because his 2019 § 2255 motion was not second or successive, and *Rehaif* announced a new substantive rule that is retroactive for non-successive § 2255 motions. We agree and will vacate the District Court's order and remand for further proceedings.

## I.    BACKGROUND

In September 2012, Hill was charged with possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).    The indictment charged that Hill, "having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce a firearm and ammunition."   App. 18. Trial was held in March 2013.  The District Court instructed the jury that it must find the following beyond a reasonable doubt to find Hill guilty:

> First, that Carlos Hill has been convicted of a felony; that is a crime punishable by imprisonment for a term exceeding one year. Two, that after this conviction, Carlos Hill knowingly possessed the firearm described in the indictment.  And third, that Carlos Hill's possession was in or affecting interstate or foreign commerce.

App. 393.  The District Court also reminded the jury that the parties had stipulated that before Hill allegedly possessed the firearm, Hill had been convicted of a crime punishable by imprisonment for a term exceeding one year.   The jury convicted Hill.

In April 2014, the District Court sentenced Hill.  At sentencing, Hill objected to the application of the Armed Career Criminal Act (the "ACCA"), but the District Court overruled the objection and sentenced Hill to 235 months'

4

incarceration and a five-year term of supervised release.  Hill appealed, and this Court affirmed his conviction and sentence in August 2016.

In February 2018, Hill filed a § 2255 motion asking that his sentence be vacated due to ineffective assistance of counsel and because his prior convictions no longer qualified him for a sentencing enhancement under the ACCA.  In June 2018, the District Court partially granted Hill's § 2255 motion because one of Hill's predicate convictions no longer qualified under the ACCA.  The District Court resentenced Hill without the ACCA enhancement and entered an amended judgment.

In June 2019, in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the Supreme Court overturned extensive precedent, including from this Court, and held that under 18 U.S.C. §§ 922(g) and 924(a)(2), the government "must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."  *Id.* at 2200.  Previously, the scienter requirement of § 922(g) applied only to the possession of the firearm and not to the membership in the relevant category of banned persons.  *See, e.g.*, *United States v. Boyd*, 999 F.3d 171, 178 (3d Cir. 2022) ("[T]he District Court was following established precedent when it interpreted this knowledge requirement to apply only to gun possession." (citing *United States v. Huet*, 665 F.3d 588, 596 (3d Cir. 2012))).

In September 2019, Hill filed a motion for appointment of counsel to file a § 2255 motion in light of the Supreme Court's ruling in *Rehaif*.  The District Court denied the request for counsel and held that Hill did not qualify for relief under *Rehaif* because the Eleventh Circuit, in *In re Palacios*, 931 F.3d 1314 (11th Cir. 2019), "held that *Rehaif* did not announce

5

a new rule of constitutional law, nor was it made retroactive to cases on collateral review." App. 1. In so holding, the District Court implied that Hill's § 2255 motion was second or successive and thus subject to the "new rule of constitutional law" requirement under § 2255(h). *See* 28 U.S.C. § 2255(h)(2). Hill appealed.

## II. DISCUSSION[1]

We resolve the following issues: (1) whether Hill needs a certificate of appealability ("COA") to pursue this appeal; (2) if so, whether we should issue one because (a) Hill's *Rehaif* claim is one with at least an arguably constitutional dimension, and (b) we should extend the reasoning of *Magwood v. Patterson*, 561 U.S. 320 (2010), and *Lesko v. Secretary Pennsylvania Department of Corrections*, 34 F.4th 211 (3d Cir. 2022), to the § 2255 context, making Hill's § 2255 motion not second or successive; and (3) whether *Rehaif v. United States*, 139 S. Ct. 2191 (2019), recognized a new right that applies retroactively in cases on collateral review such that Hill can pursue a *Rehaif* claim in his § 2255 action. Because we answer each of the above questions in the affirmative, we will vacate the District Court's order and remand this case for further proceedings consistent with this opinion.

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 2241(a) and 2255(a)–(b). This Court has jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). "In a [§ 2255] proceeding, we exercise plenary review of the district court's legal conclusions and apply a clearly erroneous standard to the court's factual findings." *United States v. Travillion*, 759 F.3d 281, 289 (3d Cir. 2014) (alteration in original) (quoting *Lambert v. Blackwell*, 134 F.3d 506, 512 (3d Cir. 1997)).

### A.     COA Requirement

The parties dispute whether Hill needs a COA to pursue this appeal.  Hill argues that he does not need a COA because he is appealing the denial of a motion for counsel.  The Government argues that Hill needs a COA to proceed with this appeal because the District Court's order was a final order.  We agree with the Government.

Section 2253 of Title 28 of the United States Code provides that an appeal from the final order in a § 2255 proceeding can be taken only if a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1)(B).  An order is "final" if it disposes of the habeas proceeding on the merits, rather than resolves a collateral issue.  It makes no difference if the final disposition is based on the substantive merits or the procedural merits, so long as it concludes the habeas proceedings.  *See Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, 282 (3d Cir. 2021) ("*Harbison* used 'the merits' to distinguish 'final orders' that conclude the habeas proceeding itself from those orders that merely resolve a collateral issue.  And while *Harbison* excluded from § 2253(c)'s COA requirement orders that do *not* conclude habeas proceedings, it made no further distinction among those orders that *do* conclude proceedings based on whether the disposition was substantive or procedural in nature." (citation omitted) (citing *Harbison v. Bell*, 556 U.S. 180, 183 (2009))).

In the order at issue here, the District Court skipped over Hill's request for counsel and definitively resolved Hill's *Rehaif* claim by concluding that it was barred because Hill raised it in a second or successive § 2255 motion.  While this ruling does not address the substantive merits of the claim (i.e., deciding whether the state proved beyond a reasonable doubt

7

that Hill knew he had been convicted of a crime punishable by imprisonment of more than one year when he possessed the firearm), the ruling nonetheless disposed of the § 2255 motion on the procedural merits and concluded the proceedings, making the order a final order for COA purposes. *Id*. Thus, Hill needs a COA to proceed with this appeal.

## B.    Issuance of a COA

The parties also dispute whether a COA should issue. Hill argues that a COA should issue because the District Court denied Hill's § 2255 motion on a procedural ground and jurists of reason would find it debatable whether Hill has stated a valid constitutional claim and whether the District Court was correct in its procedural ruling. The Government argues that a COA should not issue because Hill has procedurally defaulted on his *Rehaif* claim. We agree with Hill.[2]

The Supreme Court has established the two-prong *Slack* test to determine whether a COA should issue "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim." *See United States v. Doe*, 810 F.3d 132, 144 (3d Cir. 2015) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, Hill filed a motion with the District Court requesting appointment of counsel to pursue his *Rehaif* claim. The

---

[2]  As the Government points out in its brief, the District Court never reached the question of whether Hill has procedurally defaulted on his *Rehaif* claim. Neither did the District Court reach the question of whether any default was excused. We will remand the case for the District Court to consider Hill's non-successive § 2255 motion in the first instance.

District Court denied the request for counsel and held that Hill did not qualify for relief under *Rehaif* because the Eleventh Circuit, in *In re Palacios*, 931 F.3d 1314 (11th Cir. 2019), "held that *Rehaif* did not announce a new rule of constitutional law, nor was it made retroactive to cases on collateral review." App. 1–2. Implicit in the District Court's ruling was a finding that Hill's motion was second or successive, a procedural ground for denial. *See* 28 U.S.C. § 2255(h)(2) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."). The District Court's order therefore denied Hill's § 2255 motion on procedural grounds without reaching the substantive merits of his claim, and we must apply the *Slack* test to determine whether a COA should issue.[3]

To satisfy the *Slack* test, Hill must show, "at least, that [(1)] jurists of reason would find it debatable whether [his motion] states a valid claim of the denial of a constitutional right[;]" and (2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Doe*, 810 F.3d at 144 (quoting *Slack*, 529 U.S. at 484).

The first prong of the *Slack* test "is satisfied even if the claim is only *debatably* constitutional." *Id.* at 145. Stated differently, the COA should issue even if the underlying

_____

[3] As discussed below, Hill's motion is not second or successive and thus does not need to meet the requirements of § 2255(h). Regardless, the constitutional-right analysis relevant to the *Slack* test is distinct from the new-rule-of-constitutional-law test referred to in § 2255(h)(2).

decision "is only *arguably* (to be clear, plausibly or subject to good faith debate) a decision of constitutional dimension." *Id.* Hill's *Rehaif* claim is one with at least an arguably constitutional dimension because the essence of Hill's *Rehaif* claim is that his § 922(g) conviction violated his constitutional right to due process. "[T]he Constitution requires proof beyond a reasonable doubt of every element necessary to constitute the crime. Due process is violated when a jury instruction relieves the government of its burden of proving every element beyond a reasonable doubt." *Bennett v. Superintendent Graterford SCI*, 886 F.3d 268, 284–85 (3d Cir. 2018) (citations omitted) (first citing *In re Winship*, 397 U.S. 358, 364 (1970); then *Waddington v. Sarausad*, 555 U.S. 179, 190–91 (2009); and then *Sandstrom v. Montana*, 442 U.S. 510, 521 (1979)). This includes when a jury instruction relieves the government of its burden to prove the necessary scienter. *See id.* at 288 ("Thus, we conclude that the trial court's jury instructions relieved the Commonwealth of its burden of proving that Bennett had the specific intent to kill, in violation of his right to due process under the United States Constitution.").

In *Rehaif*, the Supreme Court held that the scienter requirement applied not just to the possession element of § 922(g) but also to the status element. 139 S. Ct. at 2194, 2196. This holding means that to secure a conviction under § 922(g), the government must prove beyond a reasonable doubt that the defendant knowingly possessed the firearm and that when he possessed it, he knew that he had the relevant status—i.e., he knew that he was a fugitive from justice, had been dishonorably discharged from the Armed Forces, had renounced his United States citizenship, etc. *See id.* at 2194 ("To convict a defendant, the Government therefore must show

that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it."); 18 U.S.C. § 922(g)(2), (6)–(7) (prohibiting possession of a firearm by "any person . . . who is a fugitive from justice; . . . who has been discharged from the Armed Forces under dishonorable conditions; [or] who, having been a citizen of the United States, has renounced his citizenship"). There is no question that the District Court did not instruct the jury at Hill's trial that to convict Hill they needed to find that Hill *knew* he had the relevant status, relieving the government of its burden to prove the necessary scienter for the status element. Jurists of reason would therefore find it at least debatable that Hill has a valid claim for the denial of a constitutional right, so Hill satisfies the first prong of the *Slack* test.

Turning to the second prong, the parties both acknowledge that Hill's second-in-time § 2255 motion is not second or successive, making the District Court's procedural ruling incorrect, and we agree. This Circuit recently considered whether a petition under 28 U.S.C. § 2254 is second or successive if it attacks an undisturbed conviction after a new sentence was imposed. *See Lesko v. Sec'y Pa. Dep't of Corr.*, 34 F.4th 211 (3d Cir. 2022). This Circuit held that it is not. *Id.* at 225. The question we face in this appeal is whether the reasoning of *Lesko* extends to petitions brought under § 2255.[4] We hold that it does.

---

[4] Although 28 U.S.C. §§ 2244 and 2255 refer to habeas "application[s]," we follow the Supreme Court's convention and use the word "petition" interchangeably with the word "application." *See, e.g.*, *Magwood v. Patterson*, 561 U.S. 320, 324 n.1 (2010).

11

In *Lesko*, this Court considered the Supreme Court's decision in *Magwood v. Patterson*, 561 U.S. 320 (2010), interpreting the meaning of the term "second or successive" for application under §§ 2244 and 2254. 34 F.4th at 223–25. In *Magwood*, the Supreme Court "granted certiorari to determine whether Magwood's application challenging his 1986 death sentence, imposed as part of resentencing in response to a conditional writ [of habeas corpus] from the District Court, is subject to the constraints that § 2244(b) imposes on the review of 'second or successive' habeas applications." 561 U.S. at 330. The Supreme Court reasoned that "second or successive" is a term of art and that the text and the context of the statute show that the term "must be interpreted with respect to the judgment challenged." *Id.* at 332–33. The Supreme Court ultimately held that the petition challenging the new sentence is not "second or successive." *Id.* at 342.

The *Lesko* panel held that "*Magwood* compels the conclusion that a prisoner who obtains relief as to his *sentence* may nonetheless take another bite at the apple in contesting his original *conviction*." *Lesko*, 34 F.4th at 223 (emphasis added) (citing *Johnson v. United States*, 623 F.3d 41, 46 (2d Cir. 2010)). The *Lesko* panel acknowledged that a circuit split exists after *Magwood* but sided with the majority of circuits that have considered the issue:

> [A]fter careful consideration, we hold that the majority interpretation of § 2244(b) is correct: a prisoner who receives relief as to his sentence is not barred from raising, in a second-in-time habeas petition, a challenge to an undisturbed conviction. Notwithstanding the troubling implications for comity and finality, we are persuaded the reasoning of *Magwood* compels this conclusion.

*Id.* at 224.

Section 2244(a) governs writs of habeas corpus for prisoners detained by federal court order, while § 2244(b) applies to prisoners detained by order of a state court. Both of these provisions restrict a prisoner's ability to file more than one collateral attack on their conviction and sentence—a so-called "second or successive" application. *See* 28 U.S.C. § 2244(a) ("No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255."); 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . .."); 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."). And

13

we see no indication that Congress intended the term of art, "second or successive," to operate differently with regard to state and federal prisoners. Based on the overlap in language and a lack of any indication of contrary congressional intent, we hold that *Magwood* and *Lesko* also apply in the § 2255 context.[5]

Hill filed his first-in-time § 2255 motion in 2018 challenging his sentence. The District Court granted that motion in part, resentenced Hill, and entered an amended judgment on June 12, 2018. The motion for appointment of counsel that Hill filed in 2019, which the District Court treated as a second-in-time § 2255 motion challenging Hill's conviction, was the first § 2255 motion challenging the June 2018 judgment. Thus, it is not considered a "second or successive" § 2255 motion, *see Lesko*, 34 F.4th at 224, and need not meet the requirements of § 2255(h). The District Court's ruling that Hill's motion was a second or successive motion was therefore incorrect, and the second prong of the *Slack* test is satisfied.

Because both prongs of the *Slack* test have been met, we will issue Hill a COA for this appeal.

---

[5] Our sister courts agree. Both the Second and Fifth Circuits have held that *Magwood* applies with equal force in the § 2255 context based on the overlapping "second or successive" language in § 2244(b) and § 2255(h). *Johnson v. United States*, 623 F.3d 41, 45 (2d Cir. 2010); *In re Lampton*, 667 F.3d 585, 587–88 (5th Cir. 2012).

**C.** *Rehaif* **and Retroactivity for Collateral Attack Purposes**

We have established that Hill's § 2255 motion at issue here is not second or successive and thus need not meet the requirements of § 2255(h). But that is not the end of the inquiry.[6] When a decision of the Supreme Court "results in a 'new rule,' that rule applies to all criminal cases still pending on direct review." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004). But for convictions that are already final, "the rule applies only in limited circumstances." *Id.* at 351. In general, new procedural rules do not apply retroactively, while new substantive rules do. *Id.* at 351, 352. A rule is procedural if it regulates "only the *manner of determining* the defendant's culpability." *Id.* at 353. A rule is substantive "if it alters the range of conduct or the class of persons that the law punishes" or "narrow[s] the scope of a criminal statute by interpreting its terms." *Id.* at 351, 353 (citing *Bousley v. United States*, 523 U.S. 614, 620–21 (1998)). Substantive "rules apply retroactively because they 'necessarily carry a significant risk that a defendant stands convicted of "an act that the law does not make criminal"' or faces a punishment that the law cannot

---

[6] The Government argues that Hill has procedurally defaulted on his *Rehaif* claim and cannot overcome that default. And Hill recognizes that to succeed on his 2255 motion, he must clear a number of hurdles, including any possible procedural default and proving the merits of his claim. This opinion does not address any of these issues or arguments. Instead, we remand for the District Court to consider Hill's *Rehaif* claim in the first instance.

15

impose upon him." *Id.* at 352 (quoting *Bousley*, 523 U.S. at 620).

We agree with Hill and the Government that the Supreme Court announced a new substantive rule in *Rehaif*. In *Rehaif*, the Supreme Court overturned extensive circuit court precedent and held that under §§ 922(g) and 924(a)(2), the government must prove that the defendant knew he or she was a member of a class of people that the statute prohibits from possessing firearms. *Rehaif*, 139 S. Ct. at 2200. Previously, circuit courts, including this Court, had held that the scienter element of § 922(g) applied only to the possession of the gun and not to the membership in the prohibited class. *United States v. Boyd*, 999 F.3d 171, 178 (3d Cir. 2021) ("[T]he District Court was following established precedent when it interpreted this knowledge requirement to apply only to gun possession." (citing *United States v. Huet*, 665 F.3d 588, 596 (3d Cir. 2012))). In other words, before *Rehaif* and at the time of Hill's § 922(g) conviction, the government only had to prove that Hill knowingly possessed the firearm and that before possessing the firearm, he had been convicted of a crime punishable by imprisonment of a term exceeding one year. But the government did not have to prove that Hill knew he had been convicted of a crime punishable by imprisonment of a term exceeding one year. *See id.* ("The Supreme Court subsequently held that, 'in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm.'" (quoting *Rehaif*, 139 S. Ct. at 2200)). By holding that the scienter requirement also applied to the prohibited status, the Supreme Court narrowed the scope of § 922(g) and altered the range of conduct that the statute

punishes by making previously unlawful conduct—knowingly possessing a firearm while being a felon without knowing you are a felon—lawful. This makes the new rule announced in *Rehaif* substantive and thus retroactive for collateral review purposes.[7]

## III.    CONCLUSION

For the reasons discussed above, we will issue a COA, vacate the District Court's order, and remand for further proceedings consistent with this opinion.

---

[7] The other circuits to address this question to date have reached the same conclusion. *E.g.*, *United States v. Waters*, 64 F.4th 199, 203–04 (4th Cir. 2023); *United States v. Kelley*, 40 F.4th 250, 251–53 (5th Cir. 2022); *Baker v. United States*, 848 F. App'x 188, 189–90 (6th Cir. 2021); *Seabrooks v. United States*, 32 F.4th 1375, 1382–83 (11th Cir. 2022).

This Circuit's decision in *In re Sampson*, 954 F.3d 159, 161 (3d Cir. 2020), does not compel a different conclusion. *Sampson* did not address non-successive motions like the one here, and therefore *Sampson* is not on point for the current analysis.