**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-6688**

_____

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

> v.

THOMAS BRADFORD WATERS,

> Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Florence. Bruce H. Hendricks, District Judge.  (4:15-cr-00158-BHH-1; 4:19-cv-00004-BHH)

_____

Submitted:  July 2, 2025                                Decided:  July 17, 2025

_____

Before WILKINSON, AGEE, and WYNN, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Thomas Bradford Waters, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Bradford Waters seeks to appeal the district court's order, entered in his 28 U.S.C. § 2255 proceeding after remand from this court, denying Waters' claim for relief based on *Rehaif v. United States*, 588 U.S. 225 (2019).[1] The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Waters has not made the requisite showing.[2] Specifically, and in line with the district court's analysis, the record

---

[1] In Waters' first appeal related to his § 2255 motion, we held that *Rehaif* announced a new substantive rule that applies retroactively to cases on initial collateral review and remanded Waters' *Rehaif*-based challenge to his 18 U.S.C. § 922(g)(1) conviction for further consideration. *See United States v. Waters*, 64 F.4th 199, 203-04 (4th Cir. 2023).

[2] Waters also moves to adopt and amend exhibits filed in his prior § 2255 appeal, to incorporate his pro se response to the Government's motion for summary judgment on remand, and for the appointment of counsel. We deny these motions, but observe that we have considered all the record materials in reviewing this matter.

2

does not support the notion that, had the jury been instructed as to the knowledge-of-status element of the § 922(g) offense, Waters could conceivably demonstrate that he lacked the requisite knowledge of his felon status at the time he committed the charged offense. *See Greer v. United States*, 593 U.S. 503, 508 (2021) (explaining that, to make the prejudice showing in the context of a § 922(g) conviction following a jury trial, defendant "has the burden of showing that, if the District Court had correctly instructed the jury on the *mens rea* element of a felon-in-possession offense, there is a 'reasonable probability' that he would have been acquitted"). Accordingly, we deny a certificate of appealability and dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

3