**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**May 12, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

THOMAS WATERS,

    Petitioner - Appellant,

v.

BAYSORE, ADX Warden; UNITED
STATES OF AMERICA,

    Respondents - Appellees.

No. 26-1092
(D.C. No. 1:25-CV-03476-LTB-RTG)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **MATHESON**, **MURPHY**, and **ROSSMAN**, Circuit Judges.
_____

Thomas Bradford Waters appeals from an order of the district court

(1) dismissing without prejudice Waters's 28 U.S.C. § 2241 habeas petition for lack

of statutory jurisdiction; and (2) denying Waters's motion to amend because Waters's

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

proposed new claims were not cognizable under § 2241. This court exercises

jurisdiction pursuant to 28 U.S.C. § 1291 and **affirms**.[1]

Following a jury trial in the United States District Court for the District of

South Carolina, Waters was convicted of being a felon unlawfully in possession of a

firearm, in violation of 18 U.S.C. § 922(g)(1). *See United States v. Waters*, 697 F.

App'x 760, 761, 763 (4th Cir. June 21, 2017). The Fourth Circuit affirmed Waters's

conviction on appeal. *See id.* at 768. Waters sought collateral relief pursuant to

28 U.S.C. § 2255, asserting his conviction was invalid under the Supreme Court's

decision in *Rehaif v. United States*, 588 U.S. 225 (2019). *See United States v. Waters*,

64 F.4th 199, 201-03 (4th Cir. 2023). His request for collateral relief was ultimately

denied because "the record [did] not support the notion that, had the jury been

instructed as to the knowledge-of-status element of the § 922(g) offense, Waters

could conceivably demonstrate that he lacked the requisite knowledge of his felon

status at the time he committed the charged offense." *United States v. Waters*, No.

24-6688, 2025 WL 1984018, at *1 (4th Cir. July 17, 2025).

Waters thereafter filed the instant § 2241 petition in the United States District

Court for the District of Colorado, seeking to challenge his § 922(g)(1) conviction.

The matter was referred to a magistrate judge for initial proceedings pursuant to

---

[1] Waters's request for a certificate of appealability ("COA") is **denied** as moot. A COA is not required when a federal prisoner like Waters appeals the denial of a § 2241 habeas petition. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir. 1997).

28 U.S.C. § 636(b)(1)(B). In a thorough Report and Recommendation, the magistrate judge concluded Waters could only challenge his conviction in the District of South Carolina in a 28 U.S.C. § 2255 motion because Waters failed to demonstrate the remedy afforded by § 2255 was inadequate or ineffective. The magistrate judge reasoned that such a result was compelled by this court's decision in *Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). The magistrate further noted Waters had a pending motion to amend his § 2241 petition to add a new claim challenging prison officials' decision to transfer him to a different prison unit, the ADX control unit. Relying on this court's decision in *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035, 1038-39 (10th Cir. 2012), the magistrate judge concluded that Waters's place-of-confinement claim must be brought in a 42 U.S.C. § 1983 civil rights action. On de novo review, the district court rejected Waters's objections, adopted the magistrate judge's Report and Recommendation, dismissed Waters's § 2241 petition without prejudice for lack of jurisdiction, and denied Waters's motion to amend.

This court reviews the district court's order of dismissal de novo. *See Palma-Salazar*, 677 F.3d at 1035; *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). In undertaking that de novo review, this court has thoroughly reviewed the record on appeal, Waters's appellate brief, the magistrate judge's Report and Recommendation, and the district court's order of dismissal. That review demonstrates the district court's disposition of both Waters's § 2241 petition and motion to amend is clearly correct. Thus, this court **AFFIRMS** for substantially those reasons set out in the magistrate judge's Report and Recommendation dated January

3

27, 2026, and the district court's order dated March 6, 2026. Waters's request to proceed on appeal in forma pauperis is **GRANTED**.

Entered for the Court

Michael R. Murphy
Circuit Judge